CANFIELD *vs.* BOSTWICK AND OTHERS.

The refusal of the superior court to tax costs, in favor of either party to an appeal from probate, is no ground of error.  Such taxing is a matter for the discretion of the court, to be exercised according to the circumstances of each case.

THE superior court at Litchfield, at its August term, 1852, passed a decree, pursuant to the advice of this court, in the case of *Canfield* v. *Bostwick and others*, 21 Conn. R., 551. Both the appellant and the appellees claimed costs, but said superior court decreed, that no costs should be taxed or allowed to either party.

To revise this decision, Royal I. Canfield brought the case before this court, by motion in error.

*Sanford* and *Orton*, for the plaintiff in error.

*Seymour*, *Woodruff* and *Harrison*, for the defendant in error.

HINMAN, J. In Mary Sloan's case, 1 Root R., 151, where the distribution of Daniel Mansfield's estate was disaffirmed, on appeal, the court held, that the appellant was not entitled to costs, on the ground, that an appeal from probate was in the nature of a writ of error, and, in ordinary cases, it was unreasonable, to subject a party to costs, for the error of the judge. The practice, up to 1830, was in conformity to this rule, and costs were not taxed against appellees in probate cases. *Comstock et al.* v. *Hadlyme*, 8 Conn. R., 262.

In 1830, a statute was passed, giving costs to the successful party, in a writ of error, and, since the passage of that statute, it has been held to be competent for the superior court, on appeals from probate, to allow and tax costs, in analogy to the principle of that act. *Smith* v. *Scofield*, 19 Conn. R., 534.

It is apparent, from this examination of the law, and practice of our courts, that the present practice of the superior court, of taxing costs, in most cases which come up, on appeals from probate, is not under the provision of any law or statute, absolutely giving costs to the prevailing party; and especially, that the statute, giving costs to the party who succeeds in a civil cause, is not considered as having any application to cases of this sort; but the taxation of costs in them is a matter of discretion, to be exercised or not, according to the circumstances of the case. It follows, of course, that a writ of error will not lie, from the decision of the judge, in the exercise of this discretion. The plaintiff's motion is, therefore, denied.

In this opinion, the other judges concurred, except CHURCH, C. J., who decided the question in the court below, and was disqualified.

Judgment affirmed.