JONES *vs.* MALLORY AND ANOTHER.

By our law, interest is allowed, on the ground of a contract, expressed or implied, to pay it, or as damages for the breach of a contract, or the violation of a duty.

A mere stakeholder is not liable, for interest upon money in his hands, although he makes a profit, by the use of such money.

A, one of the defendants, directed B, the plaintiff, to levy an execution against C, upon the moneys of D, then in the hands of B, claiming that such moneys belonged to C, and gave to B, a bond of indemnity, and, also, a writing, that he might retain the funds in his hands, till the title to the same was settled. D brought a suit against B, for the moneys, which, after A had obtained satisfaction of his judgment, in another way, was settled, by A's paying to D, principal, interest and costs. In an action by B, upon said bond, it was held, that he was entitled to recover the interest, as well as the principal, paid him, although A, after such levy was made, demanded, that the money should be paid over to him, which was refused.

Held, also, that B's right to recover such interest, was not varied, by the fact of his having made use of some of the money, so levied upon, and retained in his hands.

THIS was an action of debt on a bond, in the penal sum of $500, dated March 10th, 1849. The condition stated, that the defendant, Mallory, had recovered a judgment

against Frederick A. Kemper, for $242.24 damages, and costs, upon which judgment an execution had been issued, and placed in the hands of the plaintiff, as deputy of the sheriff of the county of Fairfield, for collection, and that certain property, which appeared to belong to said Frederick, was claimed by Charles H. Kemper, and thereupon, it was provided that, in case said Mallory should indemnify and save the plaintiff harmless from all trouble, damages, costs, and suits, that should at any time arise, or be brought against him, for levying said execution upon all or any of the property, which said Mallory should judge to belong to the said Frederick, and direct the plaintiff to levy upon, the bond was to be void : otherwise to remain in full force.

The cause was tried before the jury, in the superior court, holden at Fairfield, in February, 1853.

Upon the trial, it was proved, that Frederick A. Kemper had transferred certain goods to Charles H. Kemper, in part payment of a certain note,—that the said Charles took them into his possession, and placed them in the hands of the plaintiff, to sell and pay over the proceeds to him,—and that the plaintiff sold the goods and received the proceeds.

The plaintiff, having recovered the judgment mentioned in said bond, delivered the execution to the plaintiff, with directions to levy the same, as deputy as aforesaid, upon the moneys received by him upon the sale of the goods. The plaintiff objected, and informed Mallory, that the money was claimed by the said Charles, who demanded payment, and threatened him with a suit, if the money was not paid.

The plaintiff refused to levy upon the money, unless he was fully indemnified by said Mallory, who, claiming that the conveyance of the goods by the said Frederick, to the said Charles, was fraudulent, and void, executed and delivered to the plaintiff said bond of indemnity, and also delivered to him another instrument in writing, of the same date with the bond, in which he directed the plaintiff to levy the

execution upon the money, for which the goods were sold, as he judged the money belonged to the said Frederick, and *also to retain in his hands, the money received for the same, until the subject at issue between the parties was finally settled.*

The plaintiff, thereupon, retained said money, amounting to $200, as levied upon by virtue of the execution, and the said Charles immediately brought a suit against the plaintiff, to recover the same. Mallory employed counsel to appear in the case, which was continued in court, for several terms, when he, having obtained payment of his execution, from said Frederick, informed the plaintiff, that he need no longer defend the suit, and might pay over the money to said Charles. The plaintiff, thereupon, paid to the said Charles the said $200,—the interest upon the same from the time of the demand, amounting to $22.19, and the costs of suit, and immediately informed Mallory of such payment, and demanded a reimbursement.

The defendants offered evidence to prove, that, soon after the bond was given, Mallory called upon the plaintiff for the payment of the $200, which the plaintiff refused to make, claiming a right to hold the money, by virtue of the aforesaid instrument in writing. They also proved that they were men of property, and abundantly responsible for the amount of the bond, and insisted, that the plaintiff was not entitled to recover of them, any part of the interest paid to the said Charles. They further claimed, that the plaintiff, during a part of the time, in which he held the money, had used it, and that, at the utmost, he could recover only so much of the interest, as would be equivalent to the interest during the time the money was not used by the plaintiff.

The plaintiff denied that he had so used the money, except in a few instances, when he used some small portions, and immediately afterward replaced them, and that he, at all times, had on hand said sum of $200, ready to pay the

same to the party to whom it should be determined that it belonged, and claimed that, even if he had so used the money, as claimed by the defendants, he was not chargeable with interest, as compensation for such use, and that no deduction from the amount of interest paid by him, could legally be made ; and the court instructed the jury, in conformity with the plaintiff's claim.

The jury having returned their verdict in favor of the plaintiff, the defendants moved for a new trial, and the question of law was reserved for the advice of this court.

*Dutton*, for the motion, contended, 1. That the plaintiff, after the demand of the money, by the defendants, held it in his own wrong, and was chargeable with the interest upon it. The judge should have charged the jury, on the admitted facts, that the plaintiff could not recover the interest. There was a full indemnity, without the written instrument, directing the plaintiff to levy the execution upon the money ; and that does not import an indemnity.

2. But, if not bound to charge in favor of the defendant, the judge was not authorized to direct the jury, as a *matter of law*, to allow interest ; he should have charged them that, if they found the writing was given, by way of indemnity, they should allow interest ; otherwise they should not.

3. The motion was sufficient to allow this defence. If the defendants' claim is right, the plaintiff has been indemnified, and has had the use of the money.

*Hawley*, against the motion, contended, that the defendants were entitled to no deduction, for any use of the money by the plaintiff. It never belonged to him. It always belonged to Kemper, and the defendants could not claim the benefit of interest on money belonging to another person. The proper rule of damages was, the amount received by Kemper, of the plaintiff. This is the only rule contemplated by the contract.

So far as the law regarding the allowance of interest, or of damages measured by the rate of interest, furnishes analogy, it leads to the same result. The plaintiff's position, even in the light most favorable to the claims of the defendants, was somewhat like that of a stakeholder—and it is well settled, that a stakeholder or an auctioneer, is not liable for interest on a deposite. Chit., C., 621, 307. Ju., 308, 310, 311. *Harrington* v. *Hoggart*, 20 E. C. L., 443, 4. *id.*, 14. *Lee* v. *Munn*, 4 *id.*, 814. *Farquer* v. *Farley*, 2 *id.*, 229. Demand of the money, by the defendant, does not help him ; the plaintiff, under any circumstances, would have a right to keep it, till the termination of the controversy ; but he had the special written direction of the plaintiff, thus to keep it.

WAITE, J. The plaintiff, in this case, received of Charles H. Kemper, certain goods to sell, and pay over the proceeds to him. The goods were sold, and while the money, arising from the sale, remained in his hands, the defendant, Mallory, having an execution against Frederick A. Kemper, and claiming that the goods belonged to him, delivered it to the plaintiff, with directions, as a deputy sheriff, to levy it upon the money in his hands. This the plaintiff refused to do, unless he was fully indemnified. Mallory, to induce him to make such levy, gave him the bond upon which the present suit is brought, and also a writing, saying that he might retain the money in his hands, until the title to the same was determined. The plaintiff, thereupon, retained the money, as levied upon by the execution,—was sued by Charles H. Kemper,—and after Mallory had obtained satisfaction of his execution, in another mode, settled the suit, and paid the principal, interest, and costs. He now claims to recover upon the bond, the amount so paid. The defendants deny that they are liable for the amount of interest.

That the plaintiff was liable to Kemper, for the interest, is not denied. The goods were placed in his hands, as Kemper's agent, to sell for his use ; and when sold, the money

became the property of Kemper, and the plaintiff liable to him for the amount, unless he could show that it belonged to some other person. This was indeed claimed by Mallory; but that claim and the defence of the suit were abandoned. The plaintiff, having thus unlawfully withheld from Kemper the money when it became due, was liable, not only for the principal, but the interest upon it, by way of damages for the detention. And the plaintiff, having thus become damnified, is entitled to recover the amount of the defendants upon their bond, unless the circumstances relied upon by them are sufficient to support their claim.

In the first place, it is insisted that the plaintiff is not entitled to interest, because he refused, after the levy was made, to pay the money over to Mallory, who demanded it of him. But we see no obligation on his part to do so. Mallory has shown no legal title to the money. He indeed claimed, that it belonged to Frederick A. Kemper, but even that claim was never established. Besides, it was a part of the original arrangement, by which the plaintiff was induced to take the course he did, that he should retain the money, until the controversy between Mallory and Kemper was settled, and he knew to whom he might safely pay it. And Mallory, having thus drawn him into the controversy, has no right to violate the compact on his part.

Again, it is said, that the defendants were abundantly responsible, and therefore the plaintiff had adequate security upon the bond, and should have paid over the money, when demanded by Mallory. But we do not consider this a sufficient answer. The plaintiff might have consented to retain the money for the benefit of Mallory, if he were authorized to retain it, until the title was settled, that he might have it in readiness, the moment it was ascertained that it belonged to Kemper, when he would not have done so, had he known he must pay it over to Mallory,—expose his property to an execution in favor of Kemper,—and then seek a reimbursement from the defendants, perhaps after a pro-

tracted litigation, as in the present case. At any rate, he had a right to prescribe the terms upon which he would consent to act, and those terms having been assented to, and the act performed, it is not in the power of the other party alone to change them, at pleasure.

In the next place, it is said, that the plaintiff used the money, and is therefore chargeable with interest, during the time it was used. It does not necessarily follow, that because a party, with whom money is deposited, makes use of it, he is therefore chargeable with interest. A bank with which money is deposited for safe keeping, subject to the order of the depositor, is not generally chargeable with interest, on such deposite, although it is mingled with other moneys of the bank and used as such, unless there is something in the case, showing a different intent of the parties.

Interest by our law is allowed, on the ground of some contract expressed or implied to pay it, or as damages for the breach of some contract, or the violation of some duty. *Selleck* v. *French,* 1 Conn. R., 33. It is not claimed, that the plaintiff ever made any contract to pay interest on the money in his hands. Is he liable on the ground that he has broken any contract or violated any duty ? We have seen, that so far as these defendants are concerned, he was a mere stakeholder of the money, authorized to retain it, until the title to it was determined, and that he has violated no duty, which he owed to them.

The case of *Harrington* v. *Hoggart,* seems very much in point, and goes far to sustain the plaintiff's case, in the various aspects in which it has been viewed. 1 Bar. & Adol., 577. 20 E. C. L., 448.

There the defendant and his partner, who had died before the commencement of the suit, were employed to sell an estate belonging to the plaintiff. They made an agreement with one Secreetan, for the sale, who paid them £2,000 as a deposite. Objections were made by the purchaser to the title, and he delayed completing the purchase. The plain-

Jones *v.* Mallory and another.

tiff thereupon gave notice to the defendant, to invest the money thus deposited, in the purchase of government securities, offering to indemnify him against any loss that might thereby accrue. The defendant and his partner replied, that they would do so, if the plaintiff would obtain the consent of Secretan, but no such consent was ever obtained. The defendant and his partner received the £2,000, as a deposit, mixed it with their own money and the deposits of other persons, and laid it out in the public funds, but always kept at their bankers, enough to meet the calls of any particular deposits.

The question was, whether the plaintiff was entitled to recover interest on the money, thus deposited with the defendant and his partner.

Lord Tenterden, C. J., in giving his opinion, said, " There is an essential distinction between the character of an agent, and that of a stakeholder. If an agent receive money for his principal, the very instant he receives it, it becomes the money of his principal. If, instead of paying it over, he thinks proper to retain it and make a profit, he may, under certain circumstances, be liable to account for the profit. Here the defendant is not a mere agent, but a stakeholder. A stakeholder does not receive the money for either party, but for both ; and, until the event is known, it is his duty to keep it in his own hands. If he thinks proper to employ it, and make interest of it, if any loss accrue, he must be answerable for such loss ; and if he is to answer for the loss, it seems to me, he has a right to any intermediate advantage that may arise."

Parke, J. " It appears to me that the situation of an auctioneer is this : he receives a sum of money, which is to be paid, in one event, to the vendor, that is, provided the purchase is completed ; and, in the other, if it is not completed, to the vendee; he holds the money, in the mean time, as a stakeholder, and he is bound to keep it, and pay it over upon either

of those events, immediately. He is clearly not responsible for interest upon the money, if he makes it." And, after referring to certain cases, he added, "These cases establish, that a man who holds money as an agent or banker, bound to produce it at a moment's notice, to the person who deposits it in his hands, is not liable to pay interest, if he makes it."

Without further pursuing the examination of the case, we are satisfied, that it was correctly disposed of in the court below, and therefore think no new trial should be granted.

In this opinion, the other judges concurred, except Hinman, J., who tried the cause in the court below, and was disqualified.

New trial not to be granted.