FREDERICK COIT WIGHT, ADMINISTRATOR AND
INDIVIDUALLY, *vs*. HARRY M. LEE, TRUSTEE.
HARRY M. LEE, TRUSTEE, *vs*. BENJAMIN H. LEE,
EXECUTOR, ET AL.

* Third Judicial District, New Haven, June Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A testamentary trustee who wrongfully withholds from the beneficiary
moneys to which the latter is entitled, is bound to pay interest
thereon; and the mere fact that such moneys were deposited by the
trustee in the hands of his own attorneys, where they remained
without drawing interest pending protracted litigation over his
account, does not relieve him of this obligation.
The taxation of costs, upon an appeal from probate, is a matter within
the discretion of the Superior Court.

Submitted on briefs June 3d—decided October 8th, 1924.

APPEALS by the respective plaintiffs from an order
and decree of the Court of Probate for the district of
New London settling the account of Harry M. Lee as
testamentary trustee, taken to the Superior Court in
New London County and referred to the *Hon. John M.
Thayer*, a State Referee, who heard the parties and
reported the facts; the court accepted the report and
thereafter (*Brown, J.*) rendered judgment in the case
first named, correcting the decree of the Court of Pro-
bate in certain particulars and otherwise affirming it,
but without costs to the plaintiffs, from which they ap-
pealed. *Error and cause remanded.*

In the second case—Lee, Trustee, v. Lee, Executor,
*et al.*—the court rendered judgment for the defendants,
but disallowed costs, from which the defendant Wight
appealed. *No error.*

Frederick C. Wight is the administrator of the estate

* Transferred from second judicial district.

of the late Charlotte R. Coit, who died intestate on the 6th day of February, 1918. Harry M. Lee is the trustee of the trust created by the will of the late Denison Hempstead, under which certain property was devised and bequeathed to the said Harry M. Lee, as trustee for the said Charlotte R. Coit, who was to receive the net income therefrom during her lifetime.

On April 6th, 1918, Harry M. Lee, as such trustee, filed with the Court of Probate for the district of New London his final account, and on or before April 10th, 1918, he paid or caused to be paid to his attorneys, Hull, McGuire & Hull, the sum of $1,386.50, to be paid by them to the beneficiary of this trust estate. These attorneys forthwith deposited the sum of $1,386.50 in a special account in a New London Bank, where it carried no interest. On January 30th, 1920, the Court of Probate for the district of New London entered a decree settling the account of the said Harry M. Lee, as such trustee, from which each of the parties thereafter appealed. On June 21st, 1921, the issues raised by these appeals were referred to the *Hon. John M. Thayer*, as State Referee, who, after hearing the parties, found that on February 6th, 1918, the balance due from this trustee to the estate of Charlotte R. Coit was $2,975.67. This finding was accepted by the court on November 10th, 1923. On October 18th, 1923, five days after the filing of this finding, Harry M. Lee, as such trustee, paid to these same attorneys the further sum of $1,375.67, to be applied on the amount found due, which sum was also deposited in the same special account, where it earned no interest. The balance of the amount found due, $213.50, has been held by this trustee, Harry M. Lee. No tender was made at any time of any of the foregoing sums by the trustee Lee, or his attorneys, to Wight, administrator.

Upon the foregoing facts judgment was entered in

the case of Frederick C. Wight v. Harry M. Lee, Trustee, that the total amount due from the trustee to the estate of Charlotte R. Coit was $3,456.36, being the principal sum of $2,975.67, together with interest upon the sum of $1,375.67 from February 6th, 1918, to October 18th, 1923, the date when such sum was paid over to the trustee's attorneys to be applied on the amount found due from him, and also interest on the sum of $213.50, held by the trustee, from February 6th, 1918, to the date of judgment. No costs were taxed by the court in favor of Frederick C. Wight.

In the case of Harry M. Lee, Trustee, v. Benjamin H. Lee, Executor, *et al.*, judgment was entered finding the issues for the defendants, but taxing no costs against the plaintiff.

From these judgments Frederick C. Wight, as administrator and individually, appealed to this court, filing one appeal as applicable to each cause.

*Arthur T. Keefe,* for Frederick C. Wight, administrator and individually (appellant).

*Hadlai A. Hull, Frank L. McGuire* and *Charles Hadlai Hull,* for Harry M. Lee, trustee (appellee).

KELLOGG, J. The two causes under consideration were heard together in the Superior Court, one finding was filed by the court as applicable to each cause, and one document filed as an appeal from the judgment in each cause, and in this court the causes were treated by counsel as but one action. They are therefore similarly considered and determined by this court. The appellant has appealed in the case of Lee, Trustee, v. Lee, Executor, *et al.*, upon the question of the taxation of costs alone, and in the case of Wight, Administrator, *et al.* v. Lee, Trustee, upon the question of interest and costs.

As to interest, it is found by the court that on February 6th, 1918, there was in the hands of the trustee, Lee, the sum of $2,975.36 due the estate of the *cestui que trust*. Part of this sum was shortly thereafter paid over to his attorneys to await the outcome of certain litigation then pending as to the trustee's account, and later, after the filing of the report of the State Referee concerning the litigation, a considerable portion of the balance due was also paid to the trustee's attorneys to be applied on the amount found due by the referee. No interest whatever has been earned upon this sum of $2,975.36 found by the referee to be due the estate of the *cestui que trust* on February 6th, 1918, and the trustee, Lee, has had this amount either in his own hands or in the hands of his attorneys since that time.

Our decisions upon the question of interest in such cases have been uniform since the earliest decisions in this court. In *Selleck* v. *French*, 1 Conn. 32, 33, it is said: "Interest by our law is allowed on the ground of some contract express or implied to pay it, or as damage for the breach of some contract, or the violation of some duty." This doctrine is also expressed in these same words in *Jones* v. *Mallory*, 22 Conn. 386, and *Healy* v. *Fallon*, 69 Conn. 228, 37 Atl. 495. See also *Loomis* v. *Gillett*, 75 Conn. 298, 53 Atl. 581. Further, the case of *Adams* v. *Spalding*, 12 Conn. 350, is applicable to and quite decisive of the question of interest arising in this case. On page 360 the court says: "We feel equally confident that the direction given to the jury on the question of interest, in this case, was proper. The testator directed that the fund remaining in the hands of the executors should remain on interest; and it may well be presumed that it has. And without any such direction, the duty of the executors would have been to render the fund productive. . . . To whom, then, shall interest be paid, where no other provision is made,

unless it be to the person entitled by law to the principal? To this sum, in such case, interest is incident, as a matter of law."

That the foregoing rule is followed generally in other States and in England will be seen from the following: "If a trustee retains balances in his hands which he ought to have invested, or delays for an unreasonable time to invest, . . . he will be liable to pay simple interest at the rate established by law as the legal rate in the absence of special agreements." Perry on Trusts & Trustees (6th Ed.) Vol. 1, § 468. "It may be stated as a general rule, that if the trustee be guilty of any unreasonable delay in investing the fund or transferring it to the hand destined to receive it, he will be accountable to the *cestui que trust* for interest during the period of his *laches.*" Lewin's Law of Trusts (12th Eng. Ed.) p. 394. "Where money belonging to another is not paid over to the person entitled to receive it at the time it should be paid over, interest is generally allowed as damages for such wrongful withholding thereof." 22 Cyc. p. 1505, and cases cited in note.

Here it is found that the sum of $2,975.67 was in the hands of the trustee on February 6th, 1918, and due the estate of Charlotte R. Coit, represented by the appellant, Wight, as administrator, and neither tendered to the appellant as such administrator or rendered productive in any way. The payment by the trustee to his personal attorneys of the bulk of this sum cannot relieve him from the responsibility imposed upon him by law to keep the sum invested or rendered productive.

As to costs upon appeals from probate, our decisions have been equally uniform that the allowance of costs is a matter discretionary with the Superior Court and not a subject of review by this court. "The refusal of the Superior Court to tax costs, in favor of either party to an appeal from probate, is no ground of error. Such

taxing is a matter for the discretion of the court, to be exercised according to the circumstances of each case." *Canfield* v. *Bostwick,* 22 Conn. 270. "The matter of costs in such appeals is discretionary with the Superior Court, and is not the subject of review by this court." *Adams' Appeal,* 38 Conn. 304. "The taxation of costs, upon an appeal from probate, is a matter within the discretion of the Superior Court." *Mathews* v. *Sheehan,* 76 Conn. 654, 57 Atl. 694.

In the case of Frederick C. Wight, Administrator, *et al.* v. Harry M. Lee, Trustee, there is error, and the case is remanded to the Superior Court with direction to enter judgment for the appellant, Frederick C. Wight, Administrator, to recover from the appellee the sum of $2,975.67, together with interest at the rate of six per cent upon this amount from February 6th, 1918, to the date of judgment.

In the case of Harry M. Lee, Trustee, *et al.* v. Benjamin H. Lee, Executor, *et al.,* there is no error.

In this opinion the other judges concurred.