WILLIAM J. HEALY vs. HUGH FALLON ET AL.

Third Judicial District, Bridgeport, April Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The existence of a mechanic's lien, under § 3018 of the General Statutes, does not depend upon the right of the contractor or material-man to immediate payment of his claim; the lien exists and dates from the time the materials began to be furnished or services rendered, notwithstanding a contract provision for future payments.

A building contract provided that all work should be done to the satisfaction of the architect, whose certificate should be obtained for all payments made to the contractor. In an action by the latter to recover a

balance claimed to be due, it was *held* that inasmuch as both parties
had by their pleadings submitted to the trial court the questions whether
the plaintiff had performed his contract, and how much, if anything,
was due him thereon, the defendant must be regarded as having waived
or abandoned the provisions of the contract in his favor above referred
to, and could not rely upon them as a defense to the action, whatever
force or effect they might have had if pleaded in bar.

Damages by way of interest may properly be allowed a plaintiff in an action
on contract, for the detention of money found to be due and of which
the defendant has had the use and benefit. It is no objection to such
allowance that the sum the plaintiff seeks to recover is liable to be re-
duced on account of his own deviation from the terms of the contract.

[Argued April 22d—decided May 25th, 1897.]

SUIT to foreclose a mechanic's lien, brought to the Superior
Court in New Haven County and tried to the court, *Thayer, J. ;*
facts found and judgment rendered for the plaintiff, and ap-
peal by the defendants for alleged errors in the rulings of
the court. *No error.*

The case is sufficiently stated in the opinion.

*Charles H. Fowler,* for the appellants (defendants).

The plaintiff cannot try this question in this court while
the architects are living, under no disability, and have not
refused to act. Before the plaintiff can invoke the aid of the
Superior Court he must obtain his award in writing from the
arbiters he has chosen in his contract. *Wormsley* v. *Wood,* 6
Term R. 710, 719; *D. & H. Canal* v. *Dubois,* 15 Wend. 89;
*Morgan* v. *Birnie,* 9 Bing. 672, 675; *U. S.* v. *Robeson,* 9 Peters,
319; *Stewart* v. *Keteltas,* 36 N. Y. 393; *O'Keefe* v. *St. Francis'
Church,* 59 Conn. 551, 566; *Butler* v. *Tucker,* 24 Wend. 447,
449; *Cannon* v. *Wildman,* 28 Conn. 472, 490; *Bishop* v. *Clay
Ins. Co.,* 49 id. 167, 171; *Essex* v. *Day,* 52 id. 483, 505. The
production of the architect's certificate was a condition pre-
cedent to the right of the plaintiff to bring his action on this
contract. *Smith* v. *Brady,* 17 N. Y. 176. The defendants
have not waived this condition. Waiver is the intentional
relinquishment of a known right. "Intent to waive is an
operation of the mind to be proven and found as a fact, not
to be inferred as a matter of law." The fact of waiver is not
found by the trier, and this court cannot impute this fact not

found. *First Nat. Bank* v. *H. L. & A. Ins. Co.*, 45 Conn. 22, 44; *New Haven Wire Cases*, 57 id. 352, 387; *Smith* v. *Brady, supra.*

*James H. Webb* and *James E. Wheeler*, for the appellee (plaintiff).

Substantial performance of his contract, by a builder, is sufficient. The trifling variation from the specifications does not affect the plaintiff's right to recover, nor the validity of his lien. *Smith* v. *Scott's Ridge School District*, 20 Conn. 312; *Nolan* v. *Whitney*, 88 N. Y. 648; 29 Amer. & Eng. Ency. of Law, 891, 897, and cases cited. In lieu of the written certificate, the architects examined the building upon its completion and informed both the plaintiff and the defendants that the building was properly completed, and that said final payment was due. This, we submit, was tantamount to the obtaining of a written certificate. The essence of this contract provision was the completion of the work to the approval of the architects. The validity of the lien depends entirely upon the requirements of the statute, and these requirements have been strictly complied with. The lien began with the rendering of services and furnishing of materials. The filing of the certificate did not create the lien, but was merely a statutory requisite for its continuance. *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183.

TORRANCE, J. This is a complaint brought to foreclose a mechanic's lien. It alleges in substance that the plaintiff furnished materials for, and rendered services in, the construction of a dwelling-house on land of the defendants, under an agreement with them by which the plaintiff was to build said house complete, and was to be paid on its completion the sum of $4,325; that said house was completed on the 26th day of November, 1894; that the defendants had paid only $2,800 on account of the sum agreed to be paid; and that the plaintiff on the 7th of December, 1894, had filed a certificate of lien as required by law, a copy of which was

annexed to the complaint. The relief prayed for was, (1) a foreclosure of the lien ; (2) $1,800 damages.

To this complaint the defendants filed an answer substantially admitting all the allegations of the complaint, except that as to the completion of the ·house ; as to which allegation they stated that they had " not sufficient information to form a belief." They also filed at the same time the following " special defense : " " 1. The defendants say that they entered into a certain written agreement with William J. Healy, whereby the said William J. Healy was to build for them a dwelling-house in a good and workmanlike manner, and upon its completion they were to pay the amount as set up in said agreement in writing. 2. The said William J. Healy has never completed said dwelling-house. 3. Said dwelling was not built in manner and form as agreed upon. 4. The defendants are not indebted to the said William J. Healy in manner and form as alleged."

To this special defense the plaintiff replied by denying paragraphs two and three, and alleging that " the defendants accepted said house upon its completion, without complaint as to the existence of defects therein, and have ever since occupied the same." The defendants rejoined by denying so much of the reply as alleged that they " accepted said house upon its completion, without complaint as to the existence of defects therein." The defendants also filed in the case a bill of particulars setting forth in detail the matters in respect to which the plaintiff had failed to build and complete the house as agreed.

Upon these pleadings the case was tried, and the court, upon the facts as found upon the record, rendered judgment for the plaintiff. The substance of the finding may be stated as follows : By the terms of the written agreement referred to in the special defense, the plaintiff was to build a .three-story frame dwelling-house, complete, according to the plans and specifications mentioned in the agreement. The work was to be done under the supervision of the architects and to their satisfaction. The first payment was to be $1,200 and to be made when the building was shut in, the roof

tinned and the chimney topped out; the second was to be $1,600 to be made when the building was plastered; and the third and last was to be $1,525, to be paid within fifteen days after the work was completed, all material and rubbish belonging to the contractor. removed, and all drawings and specifications returned. The agreement also contained the following: "Provided, that for all payments a certificate shall be obtained from and signed by the architects, said certificate in no way lessening the full and final responsibility of the contractor; and that the security against mechanics' and other liens is to be furnished by said contractor."

The plaintiff and the defendants entered into this agreement in June, 1894. In that month the plaintiff began work under the contract, and completed the building in November, 1894. The defendants immediately, by themselves and their tenants, went into the occupancy of said building. The defendants have never made the last payment called for by the contract. The architects referred to in the agreement still reside in New Haven. "They examined said building upon its completion, and told both plaintiff and defendants that the building was properly completed, and that said last payment was due, but they did not give to either party a certificate in writing that the payment was due." The materials furnished and services rendered by the plaintiff in the construction of the house, were in substantial compliance with the contract, "and the materials so furnished and services so rendered by the plaintiff, and for which he has never been paid, were of the value of $1,525. By mistake, slightly wider clapboards were used in the gables of said house than were stipulated to be used, and some of the boards used in the floors were wider than those called for. The usefulness and value of the house were not diminished thereby, and the difference in cost of using them instead of those called for was less than fifty dollars. To remove them and replace them by such boards as should have been used would cause the defendants and their tenants great inconvenience, and would involve the plaintiff in a large expense." The lien was duly filed on the 7th day of December, 1894, to secure

the payment of the balance claimed to be due under the agreement.

"The defendants claimed that as said house was not finished strictly as called for in said contract, the plaintiff had no lien for the materials furnished and services rendered by him as aforesaid; and also that the plaintiff could not demand payment therefor until he had obtained a written certificate from the architects that such payment was due, and could have no lien upon said premises until such certificate was obtained." The court overruled said claims.

"The court deducted from said sum of $1,525, the sum of $50, for damages to the defendants for the plaintiff's failure to comply with the contract, and found the amount due the plaintiff from the defendants, with interest to the date of judgment, to be $1,626.98," and rendered judgment for the plaintiff therefor, as on file.

The errors of which the defendants really complain in their brief and upon which alone they dwelt in the oral argument, are not very clearly stated in the assignment of errors, but as we understand them they are the following: (1) The court erred in holding upon the facts found that the plaintiff had any lien at all upon the premises. (2) In holding that anything was due to the plaintiff from the defendants until plaintiff had obtained a certificate from the architects as called for by the contract. (3) In allowing interest to the date of judgment upon the amount found to be due after deducting the $50 allowed for damages.

In support of the first claim the defendants urge two things: (1) that the certificate of lien was filed four days before any money became due and payable by the terms of the contract, even if the plaintiff had fully performed it; (2) that he did not perform it, and therefore by its terms nothing was due and payable to him when he filed his lien.

This claim seems to be based upon the assumption that a mechanic, under the statute, cannot have a lien for his debt, unless and until the debt is presently due and payable; but this is clearly not so. One of the main purposes of our statute concerning mechanics' liens of this kind was to secure

debts not yet due, so that they might be collected when they became due. The statute created a lien upon the premises in favor of the plaintiff, as soon as he began to furnish material and render services under the contract; notwithstanding the fact that the contract fixed the times of payment in the future, and the certificate when filed merely continued the statutory lien. There is nothing in this first claim.

In support of the second claim the defendants say that under the written agreement the architects are the sole arbiters of the question whether the plaintiff has or has not complied with his contract, and of the question whether anything, and if so how much, is due to him; that the certificate of the architects is a condition precedent to the liability of the defendants to make any payment under the contract; and that since this has not been obtained, and the arbiters are living and ready and willing to act, nothing was or is due to the plaintiff, and he could not invoke the aid of the Superior Court to determine the questions tried in the court below.

If we concede for the sake of the argument that the provisions of the contract above referred to have all the force and effect claimed for them by the defendants, still they are provisions made in favor of the defendants and may be waived or abandoned by them at any time, and we are of opinion that the defendants have waived and abandoned them in the case at bar. By the pleadings in this case both parties, in effect, asked the court below to determine the very questions which the defendants now claim can be determined only by the architects. The defendants, instead of setting up and insisting upon the provisions in question in bar of the claims of the plaintiff, asked the court, in effect, by their pleadings, to try the question whether the plaintiff had performed his contract, and if not, whether anything, and if so what amount, was due to him. This is the fair interpretation to be put upon the pleadings and upon the issues formed by them. Under these pleadings both parties went to trial and were fully heard as to all matters covered by the issues, and took their chances as to the result. Under the pleadings the court properly found that the plaintiff had substantially performed his contract, that the devia-

tions from it were unintentional and slight, and that the defendants had accepted and were in the enjoyment of the results of the work done and materials furnished by the plaintiff. Under these circumstances the court was justified in applying the rule sanctioned and approved by this court in *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183. By thus pleading and going to trial the defendants must be held to have waived or abandoned the provisions of the contract in their favor upon which they now rely.

We are also of opinion that the court did not err in allowing interest to the date of judgment upon the sum found to be due after deducting the damages caused by the deviations from the contract. It was not allowed as interest, *eo nomine*, for there was no contract express or implied for the payment of interest, as such; it was allowed as damages for the detention of the sum found to be due, and the damages were measured by the rate of interest. "Interest by our law is allowed on the ground of some contract express or implied to pay it, or as damages for the breach of some contract, or the violation of some duty." *Selleck* v. *French*, 1 Conn. 32, 33; *Jones* v. *Mallory*, 22 id. 386, 392.

The court, in effect, rightfully found under the pleadings that the defendants owed the plaintiff, after deducting the damages caused by the deviations from the contract, the sum of $1,475, and that this sum should have been paid to him by a certain time, from which time it in effect added interest to the date of the judgment; and no complaint is made about the time selected as the starting point for interest. By the finding of the court it thus appears that the plaintiff was deprived of the use of $1,475 from the time when it should have been paid to him, to the date of the judgment, and the defendants during that time had the use of that money. It is difficult on principle to see why he should not recover, as compensation for that detention, damages measured by the legal rate of interest upon the sum so detained for that time. It is said, however, that the amount due was unliquidated up to the time of the judgment, and that interest is never allowed upon unliquidated amounts. It may be conceded

that the amount due the plaintiff was in a certain sense unliquidated up to the time of the judgment, inasmuch as the amount due him under the contract, which was a liquidated amount, was to be lessened by the as yet unascertained damages caused by his deviations from the contract; but it is not true that damages measured by the rate of interest are never allowed for the non-payment of money, where the claim is an unliquidated one. In an action for the value of personal property destroyed by the negligent act of the defendant, where the claim was in a sense an unliquidated one, damages were allowed in the shape of interest upon the value of the property as found upon the trial. *Parrott* v. *Knickerbocker, etc., Ice Cos.*, 46 N. Y. 361; *Frazer* v. *Bigelow Carpet Co.*, 141 Mass. 126. In our own State such damages are allowed in actions for damages for the conversion of goods, and in actions of trespass for taking personal property; although in such cases the claims are in a certain sense unliquidated until the amount is ascertained by the court or jury. *Clark* v. *Whitaker*, 19 Conn. 319; *Cook* v. *Loomis*, 26 id. 483; *Oviatt* v. *Pond*, 29 id. 479. In the case of *Regan* v. *N. Y. & N. E. R. R. Co.*, 60 Conn. 124, 142, which was clearly a case where the damages were unliquidated, this court said: "The defendant claimed that the rule of damages was the value of the goods at the time of their destruction, without interest, but the court allowed interest from the date of the injury to the date of the judgment. It has been sometimes said that interest is not to be allowed on unliquidated demands. There are actions, such for instance as assault and battery, or slander, to which the rule is applicable. But where the demand is for property that has a market value susceptible of easy proof, there is no propriety in such a rule. A loss of property having a definite money value is practically the same as a loss of so much money; the loss of the use of the property is practically the same as the loss of the use (or interest) of so much money. We think therefore a just indemnity to the plaintiff required the addition to the value of the goods at the time of their destruction, of the interest from that time to the date of judgment."

We think the damages allowed by way of interest in the case at bar come within the principles applied in the cases cited. The claim was wholly a pecuniary one and was not at large, as are claims for damages for assault and battery, slander, or others of like nature. It represented a loss of a pecuniary value ascertainable with reasonable certainty, as of a definite time ; and we think damages in the shape of interest should be recoverable from that time, for such a loss; for only in this way can equity be done between the parties in the case at bar.

There is no error.

In this opinion the other judges concurred, except ANDREWS, C. J., who dissented.