HIRAM G. LOOMIS *vs.* ALBERT B. GILLETT.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A bill for services rendered should be paid within a reasonable time after the completion of the work; otherwise the creditor may recover damages for the unlawful detention of his money, measured by the legal rate of interest from the time the debt became due to the date of the judgment.

In the present case certain items of the account were unauthorized, and there was a fair dispute as to the value of the services rendered. *Held* that this did not prevent the recovery of interest upon the

reasonable value of such items of the work as the court found were ordered by the defendant and performed by the plaintiff.

Argued October 14th—decided December 5th, 1902.

ACTION to recover for services as a surveyor, brought to the City Court of Hartford and tried to the court, *Stanton, Acting Judge;* facts found and judgment rendered for the plaintiff for $177, and appeal by him for alleged error of the court in refusing to allow interest on the account. *Error and cause remanded.*

This action is brought to recover the price and value of services rendered and materials furnished by the plaintiff to the defendant. The bill of particulars specifies the services rendered and materials furnished, giving the date of each item and the amount charged for the same. All the items are for the services and expenses of the plaintiff as a civil engineer, in surveying land for the defendant from April 13th, 1896, to August 2d, 1897. The whole amount charged for the several items is $224; as to six of these items, amounting to $47, the court found that the plaintiff had failed to prove that the defendant had authorized the same, and disallowed the items; as to the remaining items, amounting to $177, the court found that the services and materials specified were rendered and furnished at the defendant's request, and were of the price and value stated in the bill of particulars, and rendered judgment for the plaintiff to recover that amount.

The plaintiff claims error because the court refused to include, in its judgment, interest on the sum found due, by way of damages for its detention.

For the purpose of presenting this question of law the trial court has found the following additional facts: The plaintiff presented bills for the services rendered, as the work progressed, and after its completion presented a bill for $224, which included $177 for the services rendered upon request, and $47 for those rendered without authority; the parties never agreed upon the amount of the bill, and the same was fairly in dispute between them; the dates on which these bills were presented did not appear; no other demand for a

sum certain was made by the plaintiff before the commence-
ment of this action in March, 1901.  Upon the facts thus
found the court refused to allow interest by way of damages,
upon the ground that the bill was a mere unliquidated ac-
count on book, and was at all times a matter of dispute be-
tween the parties; and therefore ruled, as a matter of law,
that the plaintiff was not entitled to interest.

*Joseph P. Tuttle*, for the appellant (plaintiff).

*Arthur L. Shipman*, for the appellee (defendant).

HAMERSLEY, J.  The plaintiff alleged that he had ren-
dered to the defendant, at his request, the services specified
in each item of his bill of particulars, and that the same were
of the price and value stated.  This is denied by the defend-
ant.  In finding the issues thus framed for the plaintiff, in
respect to the items amounting to $177, the court has found
that upon the completion of the work thus done the defend-
ant was indebted to the plaintiff in the sum of $177.

It was the duty of the defendant to pay this debt within
a reasonable time.  The fact that the plaintiff, in demand-
ing payment of the money due him for his services, also de-
manded payment for other work for which the defendant
was not liable, and the fact that the defendant fairly dis-
puted the precise amount of the reasonable value of the serv-
ices rendered, do not relieve the defendant from the duty
of paying for the work he had ordered, within a reasonable
time after its completion, and do not justify the apparent
inference of the court, that the duty of the defendant in re-
spect to payment was in law a mere duty to pay the balance
that might be found due upon the settlement of an open and
unliquidated book account.

It clearly appears that the defendant did not pay within a
reasonable time.  Upon an action to recover damage for the
nonpayment of such debt, the plaintiff is entitled to recover
damage for the unlawful detention of the sum due, measured
by the amount of interest thereon from the time it became

due to the date of judgment. *Selleck* v. *French,* 1 Conn. 32, 33 ; *Healy* v. *Fallon,* 69 id. 228, 235 ; *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. P. Co.,* 72 id. 703, 705.

It may be true, as claimed by counsel for the defendant, that the practice of assessing damages, measured by the rate of interest where one person unlawfully detains money due to another, arose from equitable considerations, depending somewhat on the circumstances of each case and involving judicial discretion ; but in cases like the one before us, such assessment of damage has in this State become a settled rule, in the application of which the court has no discretion.

There is error in part in the judgment of the City Court, and the cause is remanded with instructions to amend the judgment by adding to its amount the amount of damage for detention, measured by the rate of interest.

In this opinion the other judges concurred.