THE CAPITOL CITY LUMBER COMPANY *vs.* CHARLES SUDARSKY ET ALS.

First Judicial District, Hartford, May Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

A builder having agreed to erect an apartment house for $33,000, sublet all the work, and the building was put up by the subcontractors who filed liens upon the property aggregating $27,000. Upon a suit brought by one of these subcontractors to foreclose its lien for lumber furnished, to which the other subcontractors, the general contractor and the owners were parties, it was *held:*—

1. That while the general contractor was responsible to the owners for the defective work and material of his subcontractors, the latter were in turn liable to him, and therefore the damages or loss so caused, which was found to be $3,300, should have been apportioned among the several delinquent subcontractors and applied in reduction of their respective claims, provided evidence had been offered which would have enabled the trier to make such apportionment.

Capitol City Lumber Co. *v.* Sudarsky.

2. That no formal pleading by the general contractor disputing the amounts claimed by the delinquent subcontractors, was essential to making such an apportionment, since the subcontractors by asserting their respective claims necessarily put their merits in issue.

3. That inasmuch as it did not appear that the committee, who heard the parties and reported the facts, had any evidence before him upon which he could have made such an apportionment, the trial court properly sustained a demurrer to a remonstrance of the general contractor which urged such omission by the committee as a ground for rejecting his report.

4. That the general contractor was not entitled to interest on the balance due him upon the face of his contract (about $21,000), since the contract expressly authorized the owners to retain such an amount as might be sufficient to fully indemnify them against the liens of subcontractors ($27,000); nor even to interest upon the balance found to be due him after deducting the liens of the subcontractors, since that amount was unliquidated, that is, it was uncertain whether anything at all would ultimately be found to be due him.

The trial court rendered a personal judgment in favor of the plaintiff, one of the subcontractors, against the owners, but as to the other subcontractors and the general contractor merely adjudicated the amount and validity of their respective liens, without granting any relief. *Held* that in the exercise of its equitable powers the trial court might carry its decree into effect by entering up judgments in favor of the respective lienors, and thus avoid the possibility of further litigation.

The proper remedy for the failure of a committee to make a finding upon a material matter in evidence before him is by a motion to recommit, and not by remonstrance to the acceptance of his report.

The rule that interest will not be allowed on unliquidated claims has no technical significance. It is applied in each case according as the detention of money is or is not wrongful under the circumstances.

*(Two judges dissenting.)*

Argued May 6th—decided August 5th, 1920.

Suit to foreclose a mechanic's lien, brought to the Superior Court in Hartford County, where a bond of $30,000 with surety, given by the owners of the property, was by order of court (*Greene, J.*) substituted for the claimed liens, and the cause was subsequently referred to and heard by a committee who reported

the facts; the court, *Warner, J.,* overruled, in the main, a remonstrance to the committee's report, and judgment was afterward rendered in accordance therewith, from which the general contractor, Selitzky, and Charles and John Sudarsky, the owners of the premises, appealed. *Error and cause remanded.*

The defendants Sudarsky, as owners, contracted with Isaac Selitzky for the construction of an apartment building for the price of $33,000 payable in instalments. Selitzky sublet all the work to subcontractors, some of whom are defendants in this action. Others have either abandoned their claims or been dropped as defendants. The building was to be completed, ready for occupancy, November 1st, 1915, and was not completed until June 20th, 1916. The owners took possession August 1st, 1916. At that time there was due the contractor on the face of the contract a balance of about $21,000, the subcontractors had given notice of liens aggregating about $27,000, Selitzky was claiming over $2,000 for extra work and materials in addition to the unpaid balance of the contract price, and the owners were claiming damages from Selitzky amounting, as alleged in their answer, to $7,500, for failure to complete the work according to contract, for defective work, and for loss of rentals caused by delay.

The cause was referred to a committee who reported the amounts due the several subcontractors remaining parties to this action, disallowed all of Selitzky's claims for extras, and awarded the owners $3,300 damages for defective work and materials. The committee allowed interest on the amounts due the subcontractors from the date of the notice of lien in each case; but refused to allow Selitzky interest on the balance found due to him. Selitzky filed a remonstrance to the report of the committee, to which the owners Sudarsky demurred. The Superior Court sustained

the demurrer and accepted the report except as to the ruling of the committee in disallowing interest on the balance found due to Selitzky, and rendered judgment accordingly, allowing Selitzky interest on the balance found due from the date of the completion of the building. Both the owners and the general contractor appealed.

*Josiah H. Peck,* with whom, on the brief, was *Edward W. Broder,* for the appellant (defendant Selitzky).

*Henry J. Marks,* for the appellants (defendants Charles and John Sudarsky).

BEACH, J. The remonstrance of the general contractor, Selitzky, is based on the failure of the committee to apportion the damages for defective work and materials among the several subcontractors whose work was found to be improperly done; and on the refusal of the committee to allow the general contractor interest on the balance found due to him. So far as the remonstrance is based on the ground first mentioned, it is demurred to because there was no issue raised between the general contractor and the subcontractors as to the amounts due the latter. As a matter of pleading that is true, but it is not in itself a good reason why the committee should not have determined the amounts due the several subcontractor lienors according to their deserts, for they put the merits of their respective claims in issue by asserting them. Nevertheless, the demurrer to this ground of remonstrance was properly sustained, for it does not appear that any evidence was offered on which the committee could have apportioned the damages for defective work among the defaulting subcontractors; and if it had so appeared, the general contractor's remedy for the

omission of the committee to make any finding upon this evidence, would have been by motion to recommit.

As to the allowance of interest, the general contractor complains because he says that the owners have, since August 1st, 1916, been in receipt of the rents and profits of the building and ought equitably to be required to pay interest on the entire balance due to him, without deducting therefrom the amount due subcontractors. On the other hand, the owners claim that no interest at all should have been allowed to Selitzky, because the amount, if any, due him, was unliquidated until ascertainment by the report of the committee.

The contract, which is the uniform building contract, provides that "if at any time there shall be evidence of any lien or claim for which, if established, the owner of said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify against such lien or claim." This authorized the owners to retain the aggregate amount of all liens of which the subcontractors had given notice; and, since interest is allowed by way of damages for the unlawful detention of money, none can be charged against the owners for a detention expressly agreed upon in the contract. It follows that the general contractor has no claim for interest upon the amounts rightfully detained by the owners to indemnify against the liens of subcontractors.

The remaining question is whether the court erred in allowing interest from the date of the completion of the building, on the balance found by the committee to be due the general contractor, after paying the liens of subcontractors. That depends on whether the general contractor's claim was unliquidated within the meaning of the rule that interest is not allowed

on unliquidated claims. The rule has no technical significance. It is applied in each case according as the detention of money is or is not wrongful under the circumstances. *Loomis* v. *Gillett*, 75 Conn. 298, 53 Atl. 581; *Tucker* v. *Jewett*, 32 Conn. 563. In *Healy* v. *Fallon*, 69 Conn. 228, 37 Atl. 495, a balance of $1,525 was held back because the owner claimed damages which were finally allowed in the sum of $50, and interest was allowed on the balance found due. In that case the claim for damages was within such narrow limits and its amount was so easily calculable, that it did not reasonably excuse the detention of the entire unpaid balance of the contract price.

In this case, however, there was due the contractor on the face of the contract when this suit was brought something over $20,000, and the complaint enumerates subcontractors' claims evidenced by mechanics' liens aggregating $27,955.62. By the terms of the contract the owners were expressly authorized to withhold this amount. And although some of these lienors have either abandoned their claims or been dropped as defendants since the action was brought, we think the amount due the contractor was unliquidated in the sense that the owners could not know how much, if anything, would ultimately be found due to the general contractor. Besides, that question was further complicated by the contractor's claim for extra compensation, which was disallowed, and by the owners' claim for damages, which was allowed in the sum of $3,300.

The judgment rendered in the court below is a personal judgment in favor of the plaintiff, the Capitol City Lumber Company, against the defendants Sudarsky. But no judgment is rendered in favor of the other subcontractors or in favor of the general contractor. As to them the validity and amount of each lien is adjudged, but no relief granted. We think the Superior

Court may, in the exercise of its equitable powers, carry its decree into effect by judgments in favor of the respective lienors, and thus avoid the possibility of other litigations.

There is error on Sudarskys' appeal and the cause is remanded with direction to enter judgment against the defendants Sudarsky and in favor of each of the subcontractor lienors for the amount of principal and interest adjudged to be secured by his lien; and to enter judgment against the defendants Sudarsky in favor of the defendant Selitzky for the balance of the principal amount, without interest, remaining due to Selitzky under the contract, Exhibit 1.

In this opinion PRENTICE, C. J., and CASE, J., concurred.

WHEELER, J. (dissenting). Selitzky remonstrated against the acceptance of the report because (1) no deduction from the contract price of work done by four of the subcontractors was made for defective work, although the report finds defects in the work of each of said contractors; and (2) no interest was allowed Selitzky upon the balance due him upon completion of the building.

The defendants Sudarsky demurred to the first ground of remonstrance, because the committee were without authority to make such deductions, as there was no issue raised between Selitzky and the subcontractors claiming damages or a reduction from the subcontractors' claim. The defendants Sudarsky denied that Selitzky was entitled to interest on the ninth payment when the building was completed, and on the tenth and eleventh payments fifty-nine days after completion. The majority opinion holds that as a matter of pleading the claim upon this demurrer is

Capitol City Lumber Co. v. Sudarsky.

true, but not available, because the subcontractors put the merits of their respective claims in issue.

I think this ground of demurrer is based upon an inaccurate understanding of the pleadings. Each of the subcontractors as well as Selitzky filed an answer and cross-complaint setting forth a statement of claim and praying for a foreclosure of his mechanic's lien. The owners, Sudarskys, filed an answer setting up their contract, which was the uniform building contract and provided that "if at any time there shall be evidence of any lien or claim for which, if established, the owner of said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify against such lien or claim." The answer also set up the particulars in which Selitzky had failed to carry out the contract. And it further made answer to the several cross-complaints of the subcontractors and of Selitzky. The plaintiff lienor, and Holcomb & Company, lienors, and Selitzky, replied to the Sudarskys' answer, and denied the allegations of failure to complete the work and furnish materials according to the contract. The case was referred to a committee who found the facts as above recited, and made a finding as to the claim of each of the six subcontractor lienors, allowing the same with interest. The committee disallowed Selitzky's claim for extras, and found various departures from the contract in the carpenter, mason, electrical, and plumbing work. These defects were particularized, but their value was not given. The committee estimated the value of the building was lessened at least ten per cent of the contract price, or $3,300, by reason of the defects in the building and in the work and materials furnished by the subcontractors. The demurrer as to the other

four lienors included in the judgment is not well taken, for they expressly put their claims in issue, and the question as to each subcontractor was, what was fairly due under the contract. If the subcontractor had failed to carry out his contract, the amount due him under the contract would be reduced by the amount of his failure or default. The majority opinion holds this demurrer well taken, because it does not appear that any evidence was offered on which the committee could have apportioned the damages for defective work among the defaulting subcontractors, and if it had so appeared, Selitzky's remedy was by motion to recommit.

I am unable to concur upon either ground. In the first place no such ground of demurrer as my brethren sustain appears of record, and hence is not available to the owners. Aside from this, I am of the opinion that the report shows that such evidence was before the committee. All of this building contract was sublet, therefore the defective work was necessarily due to some or all of these subcontractors. The committee found defects in the work which, it estimated, lessened the value of the finished building ten per cent, or $3,300. It would seem to be clear that the committee had before it evidence from which it found the defects in the work, and undoubtedly it had before it evidence in detail of this defective work. Further, the report of the committee specifies the items of defective work, in the carpenter, mason, plumbing, and electrical work. It particularly finds that some of the electrical and plumbing work was improper. So that I am of the opinion that the report does show that there was evidence of defective work. Otherwise the committee could not have reached its conclusions. The mere fact that the report does not give the amount to be charged against the several subcontractors, is unimportant,

so long as the evidence had been produced before the committee from which these summaries might have been found. And I am unable to agree in the proposition that as a matter of practice the subject of the deductions was not properly before the trial court for the reason that the contractor, Selitzky, did not move to recommit the report for additional finding. The better practice requires that the ground of remonstrance be distinctly stated, and if additions to or changes in the finding be required, that the remonstrant move the court to recommit. *Geary* v. *New Haven*, 76 Conn. 84, 91, 55 Atl. 584. But when the ground of remonstrance is distinctly stated, as in this case, and recommittal is the necessary sequence of holding the ground of remonstrance well taken, the trial court should, of its own motion, recommit the report for further finding, for only in this way can the error be corrected and the cause fairly presented.

The single remaining question upon Selitzky's appeal is whether he was entitled to interest upon the full amount of his claim, including therein the claims of his subcontractors. The single question upon Sudarskys' appeal is whether the court erred in allowing Selitzky interest upon the balance due him over the amounts due the subcontractors, from the date of completion of the contract. The majority opinion holds that no interest should be allowed Selitzky in either case, and I am of opinion that interest should be allowed in each case. The two appeals will be resolved by determining what, if any, interest should be allowed Selitzky upon the facts set forth in the report of the committee.

The court allowed the subcontractors interest upon their claims against Selitzky. It then deducted the total of these claims from the amount due on the contract, and allowed Selitzky interest on the balance.

The building was completed in June, 1916, and the Sudarskys took possession in August, 1916. They have had the possession and use of this large apartment house with its no inconsiderable rent roll for over four years. During all of that time there was due to Selitzky $29,700, after making an allowance for defective work of $3,300. So that the owners have had the use of $29,700 of Selitzky's money for which they say they should make no return, although they concede that Selitzky should pay the subcontractors interest during this period for the detention of their money, and it is this money in part which the Sudarskys have been profiting by. The trial court held that Selitzky was entitled to interest upon the balance due him over and above the amount due the subcontractors, but that he was not entitled to interest on that part of his contract price which was due to the subcontractors, but must himself pay interest on the subcontractors' claims. I perceive no difference between the part of the contract price owed Selitzky and by him owed to the subcontractors, and the part owed to him and which was not subject to any indebtedness contracted by him on this job. The entire amount, whether to be devoted by Selitzky to the payment of the claims of subcontractors or to his individual purposes, was a debt owed to him.

Two grounds are advanced in support of the proposition that Selitzky is not entitled to interest.

*First.* It is said that his claim was unliquidated, and that interest does not run on unliquidated claims. This was the situation: The amount due on the contract was fixed and determined; it was liquidated in the strictest sense. But it was subject to be increased by such additional sum as might be allowed Selitzky for extras, and it was subject to be decreased by such amount as should be allowed for defective work. Each

of these allowances was unliquidated, but each was distinct from the amount of contract price due. Neither could change the character of the liquidated amount fixed by the contract, nor convert that into an unliquidated claim. The balance of the contract price was subject to be reduced by the allowance of the claims of lienors, but this did not make an unliquidated claim of the balance of the contract price. In some jurisdictions interest does not run on unliquidated claims. But that is not our present rule. We draw no arbitrary distinction between liquidated and unliquidated damages. "The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." *Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 388, 398, 65 Atl. 134; *Stoddard* v. *Sagal*, 86 Conn. 346, 350, 85 Atl. 519; *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. P. Co.*, 72 Conn. 703, 705, 46 Atl. 157. Interest upon a demand which is unpaid when due is not allowed as interest, *eo nomine*, but as damages for the detention, so that he who compels by judicial compulsion another to pay his demand must not only pay what he owes but also damages for his delay, which for convenience is measured by interest on the sum due. *Healy* v. *Fallon*, 69 Conn. 228, 235, 37 Atl. 495; *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. P. Co.*, 72 Conn. 703, 705, 46 Atl. 157.

Aside from a particular provision of the building contract which we shall presently consider, the decisive test is, under the circumstances, do "the demands of justice" require that this general contractor should recover damages from the owners for the four years that they have had the use of this contractor's money? If the owners had not gone into possession of the building and by its use profited through the money of the

contractor and subcontractors, another answer might have been made to this question. With the facts as they are in this case, presumably the owners are fully protected against the lessened value of the building through the defective work, by the allowance made. All else of this balance due upon the contract belongs to the contractor and the subcontractors, and the owners have had the use of these funds for four years, and it is only fair that they should pay just damages for the period they have used these funds, and for convenience we measure this by the legal interest which such a sum could have earned in this time. *Healy* v. *Fallon*, 69 Conn. 228, 235, 37 Atl. 495, is practically this case and interest was allowed the contractor by way of damage. The court, by TORRANCE, J., said: "By the finding of the court it thus appears that the plaintiff was deprived of the use of $1,475 from the time when it should have been paid to him, to the date of the judgment, and the defendants during that time had the use of that money. It is difficult on principle to see why he should not recover, as compensation for that detention, damages measured by the legal rate of interest upon the sum so detained for that time. It is said, however, that the amount due was unliquidated up to the time of the judgment, and that interest is never allowed upon unliquidated amounts. It may be conceded that the amount due the plaintiff was in a certain sense unliquidated up to the time of the judgment, inasmuch as the amount due him under the contract, which was a liquidated amount, was to be lessened by the as yet unascertained damages caused by his deviations from the contract; but it is not true that damages measured by the rate of interest are never allowed for the nonpayment of money, where the claim is an unliquidated one. . . . We think the damages allowed by way of interest in the case at bar come

within the principles applied in the cases cited." I do not understand, as the majority opinion holds, that in *Healy* v. *Fallon* interest was allowed because the claim for damages was within such narrow limits and its amount was so easily calculable. Counsel for the owners assert in one part of their brief, that "the circumstances of each case must be considered and interest granted only where, in good faith and equity, it should be granted." And this we understand is another method of stating our rule that damages will be allowed by way of interest in each case when "the demands of justice" require it.

*Second.* The other ground upon which the majority opinion relies is that provision of the contract which we have before quoted. This is the ordinary provision of the uniform building contract, and in virtue of it the owners had the right to retain from the contract price a sufficient amount to indemnify them against payment of all liens or claims. Having the right to retain this amount, it must necessarily follow that no interest by way of damages for the detention can be allowed against the owners, for such damages proceed upon the theory that the detention was unjust, and not as of right. This provision was not intended to apply to a situation where the owner retains the fund due the contractor and possesses the property which the contractor's money has produced. And further, since the owners and contractor asked the court to determine the amount due the contractor under the contract and the amount to be deducted for defective work, and nowhere pleaded this provision of the contract but went to trial before the committee upon these issues, the owners must be held to have waived or abandoned this provision of the contract. *Pinches* v. *Swedish Evangelical Lutheran Church*, 55 Conn. 183, 10 Atl. 264; *Healy* v. *Fallon*, 69 Conn. 228, 234, 37 Atl. 495.

The judgment rendered in the court below is a personal judgment in favor of the plaintiff against the defendants Sudarsky. No judgment is rendered in favor of the other subcontractors or in favor of the general contractor. As to them the validity and amount of each lien is adjudged but no relief granted. I agree with the majority opinion that the Superior Court should, in the exercise of its equitable powers, upon acceptance of the report of the committee, have rendered judgment in favor of the respective lienors and thus have avoided multiplicity of actions.

In my opinion there was error on Selitzky's appeal and no error on Sudarskys' appeal.

In this opinion GAGER, J., concurred.