EVA HOELZEL, PLAINTIFF, v. GEORGE GAVALAS AND WILLIAM S. MASKALERIS, DEFENDANTS.

Decided March 10, 1947.

For the plaintiff, *Robert Carey, Jr.*

For the defendants, *Pomerehne, Laible & Kautz (Ruback & Albach,* of counsel).

SMITH, JOSEPH L., C. C. J. This matter was a suit on two bills of exchange wherein the defendants, among other defenses, claimed certain credits by way of set-off. The trial resulted in a verdict for the plaintiff.

Certain credits, as claimed by the defendants, were allowed as a set-off. The question of interest was reserved by consent of counsel at the trial, for determination by the court. The specific questions now to be decided by the court are: (1) Is this such a liquidated debt as to bear interest in view of

the credits allowed by the jury? (2) If so, for what period of time should interest be allowed?

The first question must be answered in the affirmative. The general rule is that where a claim under an agreement is certain and liquidated or is ascertainable but because of the allowance of an unliquidated set-off or counter-claim it is reduced, interest is allowed on the balance found to be due. *Pearson* v. *Ryan,* 42 *R. I.* 83; 105 *Atl. Rep.* 513; *Healy* v. *Fallon,* 69 *Conn.* 228; 37 *Atl. Rep.* 495; *Hansen* v. *Covell,* 218 *Cal.* 622; 24 *Pac. Rep.* (2d) 772; *Loomis* v. *Gillett,* 75 *Conn.* 298; 53 *Atl. Rep.* 581; *Childs* v. *Krey,* 199 *Mass.* 352; 85 *N. E. Rep.* 442; *J. Purdy Cope Hotel* v. *Fidelity-Phenix Fire Insurance Co.,* 126 *Pa. Super.* 260; 191 *Atl. Rep.* 636. See, also, annotations in 3 *A. L. R.* 808; 89 *Id.* 678. The rule is stated in 22 *Cyc.* 1514, § d, ¶ 10, as follows: "Where the amount of the demand is sufficiently certain to justify the allowance of interest thereon, the existence of a set-off or counter-claim which is itself unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due." Section 337 of the *Restatement, Contracts,* provides "a. Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance, the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject-matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled." New Jersey is in accord with the general rule. *The John Agnew Co.* v. *Board of Education of Paterson,* 83 *N. J. Eq.* 49; 89 *Atl. Rep.* 1046; *affirmed,* 83 *N. J. Eq.* 336; 90 *Atl. Rep.* 1135; *Brown* v. *Home Development Co.,* 129 *N. J. Eq.* 172; 18 *Atl. Rep.* (2d) 742.

Having determined that the plaintiff is entitled to interest we now come to the question of the period of time that interest should be allowed. Generally interest accrues as a matter of law from the time a liquidated claim is due in the absence of an agreement to the contrary. 33 *Corp. Jur.* 210,

§ 70; *Ruckman* v. *Bergholz*, 38 *N. J. L.* 531; *Adams* v. *Adams*, 55 *N. J. Eq.* 42; 35 *Atl. Rep.* 827; *Scudder* v. *Morris*, 3 *N. J. L.* 13; *Howell and White* v. *Burnett*, 20 *Id.* 265. In the case of *Ruckman* v. *Bergholz, supra,* Chancellor Runyon commenting on the general rule with regard to interest said (at *p.* 533) : "there may be circumstances which will render the application of the rule inequitable, and by which it will be controlled, but it does not appear that in this case the attention of the judge was called to any such circumstances." The evidence in this case reveals that the bills of exchange became due on May 29th, 1935, and on February 5th, 1936, respectively. Counsel for the plaintiff has waived interest for the period of time prior to February 5th, 1936. Summons issued in the cause on May 28th, 1941, and subsequently the case was at issue and awaiting assignment of a trial date. The case was in the call for November 20th, 1942, and was placed on the Military List.

It now appears from the facts submitted and agreed to by counsel that the reason it was placed on the Military List was due both to the fact that the counsel for the plaintiff was in the armed forces and also that counsel for the defendant had a witness who was unavailable on account of service in the armed forces so that the reason for the case being on the Military List, was due to both the plaintiff and the defendant causing it to be placed on the Military List due to the military service of parties at interest of both the plaintiff and defendant.

On January 11th, 1946, the case was removed from the Military List and placed on the trial list. The prevailing rule is that where a cause of action has been in litigation during the war the period of the war is not to be excluded in computing the interest recoverable as a measure of damages. 30 *Am. Jur.* 44, § 54. New Jersey has not always adhered to this general rule as can be seen from the case of *Mease* v. *Stevens*, 1 *N. J. L.* 433, in which in an action of debt on a bond, interest was deducted for the period of the Revolutionary War and in *Le Branthwait* v. *Halsey*, 9 *Id.* 3. In the latter case, Chief Justice Ewing (at *p.* 7) said: "The trite adage that money is worth its interest, which is

sometimes true and at other times not, depending always on circumstances, did not fix the charge. The principle of these cases is that where payment is prevented by the interposition of the law or the act of the creditor, interest is not recoverable." We are not here concerned with the period of the recent war as such in the computation of the time during which interest should run but rather with the time during which trial was delayed due to the fact as above stated, the parties were in the armed forces.

If it appear from the stipulated fact, and it does not, that this case was placed on the Military List on account of the military service solely by the plaintiff's attorney, then we would have a different question. I would have approached that question somewhat along the following lines. Of course, it is true that the defendant could have paid the sum due into court, according to rules 59 and 60 of the Supreme Court. It is also true that other counsel could have been engaged to bring this case to trial on behalf of the plaintiff. The present counsel for the plaintiff did have a law firm take over his files and his legal work. Other counsel could have tried this case. No claim is made by plaintiff's attorney that the case was so involved or that any special knowledge of plaintiff's counsel required that this particular attorney actually try the case. It was simply a matter of proof on two bills of exchange. It would seem at this time that there was no valid reason why this case should have been held on the Military List, but apparently it was held there by the consent of both the plaintiff and defendant.

I would like to bring counsel's attention to the case of *John Agnew Co.* v. *Board of Education of the City of Paterson, supra*, 83 *N. J. Eq.* at *p.* 67; 89 *Atl. Rep.* 1054, where Vice-Chancellor Stevenson said: "It is well said in 16 *Am. and Eng. Encycl. L.* 922, that 'there is no subject in the law with reference to which there is greater conflict and confusion in the cases than that of interest.' Unless a case can be found which is a conclusive authority establishing a precedent the safest way for a court of law or equity is to decide all questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing. * * *

It should be borne in mind that the whole tendency of courts of law and courts of equity, for a considerable period of time, has been to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case." The principles laid down in this case are still the law to-day. See *Brown* v. *Home Development Co., supra; Stout* v. *Sutphin*, 132 *N. J. Eq.* 583; 29 *Atl. Rep.* (2d) 724. The allowance of interest is controlled by the circumstances of each case in law as well as in equity. *Metler* v. *Easton and Amboy Railroad Co.*, 37 *N. J. L.* 222; *Ruckman* v. *Bergholz, supra.*

The public policy of this state, and this is simply an observation that the court desires to make, apparently favors the suspension of interest during the time of war. In *Mease* v. *Stevens, supra,* Chief Justice Kinsey speaking with reference to the Revolutionary war (1 *N. J. L.* 435) said: "Verdict for the plaintiff, $2,000, debt and interest, deducting interest for four years and five months, on account of the war, agreeably to the uniform rule." In *Le Branthwaite* v. *Halsey,* Chief Justice Ewing (at *p.* 7) said: "The legislature of our state prohibited the recovery of interest on certain debts during a portion of the Revolutionary period. The prohibition and the reason of it, will be found in the eighth section of the Act of 8th December, 1784, *Patt.* 59, by which it was enacted. 'That in all debts contracted before or during the late war, no interest shall be allowed on the demands of any creditors from the 4th of July, 1776, to the 3rd of December, 1783, by whose conduct the non-payment of such demands has been occasioned, whether the same was owing to their removing or remaining within the lines of the enemy, or places in their possession, or to any other act of such creditors, by which their debtors were prevented from discharging their obligations.' "

I am naturally, therefore, constrained, from the proof before me, and by stipulation and the evidence that interest will necessarily have to be allowed from February 5th, 1936, therefore, the *postea* as submitted, as there is no objection to same, will be signed by this court.