**SAWYER v. E. F. DREW & CO., Inc.**

Civ. No. 984.

United States District Court
D. New Jersey.

June 30, 1953.

528

Lum, Fairlie & Foster and Raymond Troy, Newark, N. J., for plaintiff.

McGlynn, Weintraub & Stein and Edward R. McGlynn, Newark, N. J., for defendant.

MODARELLI, District Judge.

The opinion of the court in this case was filed on April 7, 1953, and is found at 111 F.Supp. 1.

Plaintiff moved "for an order settling the terms of the judgment, and specifically to include the interest on the items of salary past due and owing." This motion presents two questions: (1) Is the plaintiff entitled to interest as an item of damage? (2) And if so, at what rate?

 Interest is allowed where the damages are liquidated or ascertainable by mathematical calculation. If the amount claimed is reduced by the allowance of an unliquidated set-off or counterclaim, interest is allowed on the balance found to be due. Restatement of Contracts, Section 337; Brown v. Home Development Co., Ch.1941, 129 N.J.Eq. 172, 18 A.2d 742; Hoelzel v. Gavalas, S.Ct. 1947, 52 A.2d 54, 25 N.J.Misc. 191; John Agnew Company v. Board of Education of City of Paterson, Ch.1914, 83 N.J.Eq. 49, 67, 89 A. 1046, affirmed E. & A.1914, 83 N.J.Eq. 336, 90 A. 1135.

 Plaintiff claims that he is entitled to the legal rate of six per cent and claims that is the law of New Jersey. I have read all the cases relied on by him and other cases on the subject cited in the New Jersey Reports, supra, and I am not persuaded that is the law of New Jersey.

In the John Agnew Company case, supra, the court said, 83 N.J.Eq. at page 67, 89 A. at page 1054:

"* * * It is well said in 16 Am. & Eng. Ency. of Law (page 922) that 'there is no subject in the law with reference to which there is greater conflict and confusion in the cases than that of interest.' Unless a case be found which is a conclusive authority establishing a precedent, the safest way for a court of law or equity is to decide all questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing. * * * Perhaps the most helpful judicial deliverances * * * are to be found in the opinions of Chancellor Magie, then Justice Magie, in Board of Freeholders v. Veghte, 7 N.J.L.J. 145, and Chief Justice Ewing in the old case of Le Branthwait v. Halsey, 9 N.J.L. 3. It should be borne in mind that the whole tendency of courts of law and courts of equity for a considerable period of time, has been to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case. * * *"

The court must take into consideration the fact that this plaintiff will not have to work for his salary from the day he was unjustifiably discharged, as I have found, until the termination of the contract, although he will be paid in full for that period of time. I must also consider the fact that the economic conditions prevailing during the life of this contract resulted in lower interest rates than the legal rate of six per cent. This was due primarily to what has been called the government sponsored "cheap money program." There was so much money in circulation and so little demand for it that the interest rates were naturally reduced. That being so, I believe "according to the plainest and simplest considerations of justice and fair dealing" that the plaintiff should receive three per cent interest on items (b), (c), (d), and (e) on page 5 of the opinion in 111 F.Supp.

The plaintiff does not seek interest on the amount of expenses incurred by him in securing employment after his discharge or loss in salary for the balance of the contract period after discharge.

The opinion is amended to read at page 5 of 111 F.Supp.: Plaintiff will be allowed that amount with interest at three per cent on items (b), (c), (d), and (e) through April 7, 1953, with costs.