[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
This is an action to enforce a Pennsylvania judgment in which this court granted the plaintiff's motion for summary judgment on July 26, 1995. Because the amount of damages was not then set, the defendant filed a "Motion for Clarification and Articulation" dated August 14, 1995 and the plaintiff has presented a Third Updated Affidavit of Debt and Attorney's Fees. It is in response to these pleadings that the court issues this supplemental memorandum of decision.
The awarding of damages in this matter involves three issues, i.e., whether the plaintiff is entitled to (1) prejudgment interest; (2) postjudgment interest, (and from which date); and (3) attorney's fees.
C.G.S. § 37-3a[1] provides for the awarding of interest at the rate of 10% per annum on a civil judgment. Interest is an element of damages and whether or not interest should be awarded is within the province of the trier of fact. Pilato v. Kapur,22 Conn. App. 282, 283-284, 576 A.2d 1315 (1990). The court may award prejudgment interest, the allowance of which turns "on whether the detention of money is or is not wrongful under the circumstances": Spearhead Construction Corporation v. Bianco,39 Conn. App. 122, 135 (1995); Cecio Bros. Inc. v. Feldmann,161 Conn. 265, 275, 287 A.2d 374 (1971).
The plaintiff obtained a judgment against the defendant in Pennsylvania on May 24, 1994 in the amount of $82,632.68, creating a debt due and owing. "Upon action to recover damage for the non payment of such debt, the plaintiff is entitled to recover damage for the unlawful detention of the sum due, measured by the amount of interest thereon from the time it became due to the date of judgment". Loomis v. Gillett, 75 Conn. 298,300-301, 53 A. 581 (1902). CT Page 3624
The court sees no reason why the plaintiff should not be awarded prejudgment interest. The action clearly being a "civil action" as required by C.G.S. § 37-3a, was made necessary by the defendant's failure to pay the just debt from the Pennsylvania judgment. The plaintiff diligently sought to enforce the judgment entered in that State by filing and prosecuting this action. The defendant raised some defenses to the suit which he argued at the hearing on the plaintiff's motion for summary judgment, which defenses were found by the court not to be valid. The debt was a liquidated amount and the court finds the defendant's failure to pay constitutes a wrongful detention under the circumstances. Spearhead Construction Corporation v. Bianco,37 Conn. App. 122 (1995). The plaintiff is entitled to interest on the Pennsylvania judgment of $82,632.68 from May 24, 1994 to July 26, 1995 in the amount of $9,689.92.
Plaintiff claims postjudgment interest from July 26, 1995, the day of the entering of the summary judgment in his favor, through the present until the debt is paid. Such interest is also provided for by C.G.S. § 37-3a, and the awarding thereof lies in the sound discretion of the court.
Shortly after the July 26, 1995 judgment the defendant filed, on August 14, 1995 a "Motion for Clarification and Articulation" in an effort to have the court do what it didn't do in the July 26 judgment, that is set the damages. Without such further action by the court, the defendant could not know the amount of his obligation to the plaintiff. The plaintiff, too, was diligent in filing its various updated affidavits of debt and should be treated fairly. The delay between the date of the judgment and the setting of damages was caused solely by the court and the unavailability of the undersigned for a substantial period of time.
The defendant argues that postjudgment interest does not run until the court sets the damages, since the summary judgment as to liability only was not a final judgment. However, he points to no authority for that proposition and the court finds that the judgment of July 26, 1995 was a final judgment.
Nevertheless, in the view of the court, the equities on both sides of this issue balance, neither having been responsible for the problem caused by the delay. If the defendant's August 14, 1995 motion had been properly scheduled by the court, it most likely would have been heard sometime in September and the CT Page 3625 decision rendered in October or November. Therefore, the court considers that an award of postjudgment interest from July 26, 1995 to December 31, 1995, and from the date of this memorandum of decision until the debt is paid, to be fair and equitable to the parties. Thus, such interest is awarded on the sum of $82,632.68 at the rate of 10% per annum from July 26, 1995 to December 31, 1995, and from April 24, 1996 until the debt is paid. No postjudgment interest is awarded for the period from January 1, 1996 to April 23, 1996.
Attorney's fees may be awarded in connection with a judgment when specifically provided for by statute, or by the terms of a contract, Plikus v. Plikus, 26 Conn. App. 174, 179 (1991);Gionfriddo v. Avis Rent-A Car System, Inc., 192 Conn. 280, 297,472 A.2d 306 (1984). In this civil action, a suit for the enforcement of a foreign judgment, there is no statutory authority for awarding counsel fees. The plaintiff relies on the language of certain contracts underlying the Pennsylvania judgment, which was entered by default. Of course, this is not a suit on those contracts, but on a foreign judgment. The basis for this action is C.G.S. § 52-607, and although the plaintiff attached certain documents to his complaint, they are quite irrelevant to the plaintiff's suit in Connecticut. Having obtained a judgment in Pennsylvania, the plaintiff is entitled to sue on it in Connecticut, and to obtain a judgment in this State, irrespective of the merits of the foreign suit. Likewise, the court cannot and does not concern itself with anything but the enforcement of the foreign judgment, and the rights of the parties as provided by statute. Plaintiff's reliance on Fidelity Deposit Co. of Maryland v. Hewitt, Superior Court, Judicial District of Hartford/New Britain, at Hartford, D.N. CV93 0523652 S (October 25, 1994) (Aurigemma, J.) is misplaced. In that case the court awarded "postjudgment interest costs, and attorney's fees", but there is no indication that the issue of the plaintiffs entitlement to attorney's fees was ever raised or litigated, or that the judge was ever called upon to decide the question. Accordingly, the plaintiff's request for attorney's fees is denied.
The court does award the plaintiff the sum of $82,632.68, plus prejudgment interest in the amount of $9,689.92, postjudgment interest at the rate of 10% per annum on $82,632.68 from July 26, 1995 to December 31, 1995, and from April 24, 1995 until paid, and costs. CT Page 3626
D'ANDREA, J.