THE BUCKINGHAM, ROUTH COMPANY *vs.* THE GEORGE B. WUESTEFELD COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 15th—decided December 15th, 1931.

*Robert H. Alcorn,* for the appellant (plaintiff).

*William J. Carrig,* for the appellee (defendant).

PER CURIAM. The court has found the following facts: The defendant's agent requested the plaintiff to inspect a boiler located on the defendant's premises and submit a bid or estimate of the cost of repair. When the plaintiff's agents came to inspect the boiler

the defendant's agent told them that he knew nothing about heating plants and would rely entirely on the plaintiff to determine what was necessary to put the boiler in good condition. Plaintiff's agents did inspect the boiler and found that the right front section was cracked and that a new section was needed but found no other defects. The plantiff then submitted a written offer to the defendant to furnish and install one boiler section complete, including the patching of the boiler covering and the attachment of a damper regulator for the sum of $130. The offer was accepted and the plaintiff proceeded with the work specified in the contract, but later discovered that another section of the boiler was cracked and required replacing. Plaintiff's agent then stated to the defendant's agent that the workmen had run into difficulty and that it was necessary to telephone out of town for a part but did not inform the defendant that this work was outside the contract. The only reply made by the defendant's agent was that this was "Too bad." Although defendant noticed that plaintiff's men were engaged on the repairs rather longer than seemed necessary for the work specified in the written contract, it did not enter the boiler room and observe the progress of the work nor did it know that extensive extra work was being done, but it relied entirely on the written contract in the belief that all repairs necessary were included in it.

The finding cannot be corrected in any material respect. It therefore appears that there was no authority given for the work outside the contract before it was performed nor did the defendant have any knowledge, actual or imputed, that this work was being done while it was in progress. The only possible basis for a liability to pay for it would be that the defendant accepted the work after it was performed knowing or under such circumstances that it ought to have known

that payment for it was expected. It does not appear that, by reason of other available heating apparatus which could have been used in place of the boiler, the defendant had an opportunity to reject the work; indeed the fair inference from the facts is to the contrary; and that distinguishes the case from *Loomis* v. *Fifth School District,* 109 Conn. 700, 704, 145 Atl. 571. The defendant was entitled to the use of the boiler after it was repaired and it could not refuse to avail itself of the extra work done upon it if it was to use it. There was not therefore such a voluntary acceptance of the extra work as obligated the defendant to make payment therefor, and there was no basis for a recovery by the plaintiff. 3 Page, Contracts, § 1516, p. 2592.

There is no error.