J. L. Carpenter Company, Incorporated, *vs.*
H. Smith Richardson.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Submitted on briefs March 7th—decided April 3d, 1934.

*Frank L. Wilder,* with whom, on the brief, was *Dwight D. Graves,* for the appellant (plaintiff).

*Edward J. McCarthy,* for the appellee (defendant).

AVERY, J.   This action was brought to recover for labor and materials claimed to have been furnished in repairing the motor of defendant's speed-boat.   The case was tried to the court, and judgment rendered for the defendant.   From the finding, these facts appear: In the autumn of 1929, the plaintiff overhauled the motor of the speed-boat and was paid therefor.   Later in that year, the defendant wrote expressing disappointment with the performance of the motor; and, thereafter, the plaintiff replied that it was unable to tune up the motor at the time of the overhaul because the boat was out of the water, and that the motor undoubtedly required a minor adjustment which the plaintiff would be glad to take care of during the following spring.   On May 13th, 1930, the defendant advised that the job of tuning up the motor could be completed May 17th, 1930, at Saugatuck.   From May 17th to June 30th, the plaintiff performed work there upon the motor, furnishing labor and materials at a cost of $208.44; and, on the latter date, wrote the

defendant it was unable to get the boat fixed up, making suggestions and asking for instructions before proceeding further. Thereafter, July 2d, the defendant wrote instructing that work be stopped, and later had the boat put in order by a third party. At no time subsequent to the autumn of 1929 did the defendant request anything but the completion of the overhaul job of the early fall of 1929 of tuning up the motor, and his first knowledge that the plaintiff was having serious difficulty in completing this work was the latter's letter of June 30th, 1930. No evidence was offered as to the proportionate value of the services rendered and material furnished in merely tuning up the motor.

The appeal in this case is inartificially drawn and cannot be said to properly raise any question of law. The trial court found that some time between May 17th and June 30th, 1930, the defendant had a casual conversation with a mechanic employed by the plaintiff and working on the motor who informed the defendant that he was having trouble therewith. In this appeal the appellant seeks to have this paragraph of the finding stricken out as being found without evidence, and, further, has asked that a paragraph of his draft-finding, containing part of the testimony of the employee, be made a part of the finding. This request is improper. It is the function of the finding to state facts and not evidence. *Coast Central Mill Co.* v. *Russell Lumber Co.*, 88 Conn. 109, 113, 89 Atl. 898; *Thesher* v. *Dyer*, 69 Conn. 404, 408, 37 Atl. 979; *Lippitt* v. *Bidwell*, 87 Conn. 608, 616, 89 Atl. 347. Furthermore, the transcript of the evidence certified in connection with the correspondence supports the conclusion of the court that the only work requested was tuning up of the motor, and with that exception the services by the plaintiff were rendered without the

consent or authority of the defendant, who is not liable therefor unless upon the theory that he voluntarily accepted the benefit of the services performed. *Buckingham, Routh Co.* v. *Wuestefeld Co.*, 114 Conn. 720, 722, 157 Atl. 414. As to this, the defendant was entitled to the use of his motorboat, and in order to use it he was obliged to avail himself of such work as the plaintiff had performed upon it. There was not, therefore, such voluntary acceptance of the extra work as to obligate the owner to make payment therefor; and, consequently, there was no basis for recovery by the plaintiff. *Kelly* v. *Hance,* 108 Conn. 186, 189, 142 Atl. 683; 3 Page, Contracts, § 1516, p. 2592.

There is no error.

In this opinion the other judges concurred.