JACOBSON ELECTRIC COMPANY, INC. *v.* ROME FASTENER CORPORATION

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

56

Argued December 7, 1967—decided January 16, 1968

*Morris Tyler,* for the appellant (defendant).

*Stanley A. Jacobs,* for the appellee (plaintiff).

ALCORN, J.    The defendant was compelled to move from a building which it occupied at 61 Foote Street in New Haven because the building was being taken in condemnation proceedings.    Consequently, the defendant sought estimates of the cost of transferring its equipment to a new location in Milford.    The plaintiff submitted, in writing, a figure for "disconnecting machinery from 61 Foote St. and reconnecting same at Depot Road, Milford." The estimate particularized the work to be done as set forth in the footnote.[1]   The defendant suggested

---

[1] "Work Included In Above Price

"The following to be disconnected from first floor — 61 Foote St.
Eyelet machine, presses, tool room, wire machines, Power duct, light fixtures, time clock, bell system, panels and switches.

"The following to be disconnected from second floor — 61 Foote Street.
Dial presses, piercing press, lathes, benches, Laboratory, 3 K W furnace and lighting fixtures.

"Reconnect all machinery as listed above and rehang lighting fixtures at new location, Depot Road, Milford.    All existing material to be reused for the above Electrical work."

additional terms not now material, following which the parties reached an agreement in writing. The plaintiff performed the contract, and the defendant has paid the contract price in full.

Subsequently, the plaintiff sent the defendant a bill for extra materials and labor which the defendant refused to pay. The disputed claim for extras is the subject of the present appeal. The trial court rendered judgment for the plaintiff to recover for the extra materials and labor, and the defendant has appealed, claiming a fatal inconsistency in the facts found to support the judgment and errors in rulings on evidence.

The finding is not subject to correction in any respect which will assist the defendant. The court found that the defendant purchased equipment which the plaintiff installed in the Milford building and which had not come from the New Haven building; that the plaintiff revised some of the lighting and power panels and some of the heating at the new location at the defendant's request; and that the defendant requested the plaintiff to do other work, including the installation of wiring and lights purchased by the defendant which were not part of the original contract. The court also found that the bill for extras rendered by the plaintiff, which totaled $2355.30, concerned material, labor and internal rewiring of machinery which were not embraced within the original contract and that the charges were reasonable. The bill consisted of a charge of $912.30 for itemized materials, $1256 for labor, and two items totaling $187 billed "price as quoted." Except for one item, all labor included in the bill was done within the period of the performance of the written contract. The court concluded that the charges were for work and materials not

included in the written contract, that the defendant should have expected to pay for them, and that, on the implied contract thus arising, the plaintiff was entitled to recover.

The fact that the labor costs for the extra work are claimed to have been incurred during the period of the work under the written contract forms the gravamen of the defendant's claimed grievance. There is no claim in this appeal that the work was not authorized or that it was not done and no claim that it was done in an unworkmanlike manner. The defendant complains, in substance, only that it is being charged for labor for which it has already paid pursuant to the written contract. In support of this claim, it relies on a comparison between the labor charges in the bill presented and paid for the contract work and in the plaintiff's payroll records. The defendant asserts that the total of all the labor charges listed on the plaintiff's payroll records for work done for the defendant is less than the total of the labor charges in the bill rendered for the work done under the written contract. Consequently, it is argued that all labor must have been devoted to the performance of the written contract and that none could be found to be extra work. The defendant sought a finding to this effect by the trial court. The court refused to find as requested, and the defendant assigns error in this refusal on the ground that the fact was admitted or undisputed. On the contrary, the evidence printed in the appendices to the briefs, and indeed the entire record, clearly indicates that this was the principal disputed issue in the case.

The trial court had the advantage of hearing a recital of the transaction from the mouths of the persons concerned and the opportunity of evaluat-

ing their credibility. From all of the evidence before it, the court was required to, and did, come to purely factual conclusions. We find nothing in the appeal which requires us to disturb those conclusions.

The extra work and materials being for projects outside the scope of the plaintiff's express contractual obligation, the existence of the contract would not militate against an implied contract to pay for them. *Mayflower Sales Co.* v. *Tiffany,* 124 Conn. 249, 251, 198 A. 749; *Weinhouse* v. *Cronin,* 68 Conn. 250, 252, 36 A. 45; see 3 Corbin, Contracts § 564. Likewise, since the extra work concerned projects separate and apart from the specific undertaking assumed in the written contract, the rule of cases such as *Dahl* v. *Edwin Moss & Son, Inc.,* 136 Conn. 147, 154, 69 A.2d 562, and *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 652, 139 A. 106, relied on by the defendant, has no application. And, since there is no claim that the extra work was unauthorized, the rule in cases such as *Buckingham, Routh Co.* v. *George B. Wuestefeld Co.,* 114 Conn. 720, 722, 157 A. 414, and *J. L. Carpenter Co.* v. *Richardson,* 118 Conn. 322, 325, 172 A. 226, is not applicable.

The defendant, after eliciting from its witness that it had received an estimate from the plaintiff, asked the witness how that estimate compared with the estimate received from others. The plaintiff objected on the ground that the answer would be an attempt to vary the terms of an express contract. The defendant claimed the question "as corroborative proof of how the figure in . . . [the plaintiff's] contract was arrived at." The court then admitted a written estimate from another bidder into evidence for the limited purpose of affecting the credibility of a witness for the plaintiff. Counsel

for the defendant objected to the limitation, claiming the exhibit as "a verbal act having to do and being germane to, the conduct followed by my client." The claim in the brief is that the exhibit was offered "to show how the contract price was arrived at." The record does not disclose that the ruling was either erroneous or harmful. See *Shelton Yacht & Cabana Club, Inc.* v. *Suto,* 150 Conn. 251, 258, 188 A.2d 493.

The plaintiff offered in evidence the bills rendered to the defendant for extra material and labor. A witness for the plaintiff testified that the bills were sent in the regular course of business and that it was the regular course of business to send them. After a series of questions concerning the work which the plaintiff had done for the defendant, the defendant's counsel objected to the admission of the bills into evidence on the ground that "it doesn't seem from the gentleman's answers that any of this work was done by orders of anyone that he has first-hand knowledge of." The court overruled the objection and admitted the bills into evidence. The ruling was correct. General Statutes § 52-180.

Over the defendant's objection and exception, the court admitted testimony as to the custom in the electrical contracting business concerning an undertaking for extra work. Evidence of custom or usage is properly admissible when the subject matter is not a matter of common knowledge. *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 467, 199 A.2d 698. The circumstances of the present case would appear to concern a subject of common knowledge, namely the request for and the doing of extra work. In any event, the ruling was harmless because the question at issue was, not whether the extra work should have been done or

how it was arranged for, but whether the work for which the plaintiff sought to recover was extra work or was work forming a part of its written contract.

There is no error.

In this opinion the other judges concurred.