**ART INSTRUCTORS' GUILD, Plaintiff,**

v.

**FAMOUS ARTISTS SCHOOLS, INC.,
Defendant.**

**Civ. No. 12272.**

United States District Court
D. Connecticut.

Sept. 17, 1968.

Burton M. Weinstein, of Saltman, Weiss, Weinstein & Elson, Bridgeport, Conn., for plaintiff.

Gordon R. Erickson, of Cummings & Lockwood, Stamford, Conn., for defendant.

TIMBERS, Chief Judge.

Plaintiff, Art Instructors' Guild, has moved, pursuant to Rule 56(a), Fed.R. Civ.P., for summary judgment in its favor granting the relief sought in its complaint, namely, payment allegedly due to an instructor whom it represents, by defendant Famous Artists Schools, Inc., of $400, pursuant to a collective bargaining agreement between the parties.

Plaintiff's summary judgment motion is based on the pleadings, admissions, exhibits and oral argument before the Court on September 16, 1968. Viewing the inferences to be drawn from the underlying facts contained in these materials in the light most favorable to defendant as the party opposing the instant motion, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), the Court holds that there are genuine issues as to material facts which are not susceptible of summary adjudication but must await determination at trial, and that plaintiff is not entitled to judgment as a matter of law. Gordon v. Vincent Youmans, Inc., 358 F.2d 261 (2 Cir. 1965).

Plaintiff's motion for summary judgment accordingly is denied.

## JURISDICTION

Jurisdiction is based on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## FACTS

Plaintiff, a labor union, brings this action on behalf of one of its members alleging that defendant has failed to pay him an annual raise as required in the collective bargaining agreement between plaintiff and defendant.

Plaintiff's motion for summary judgment is based on the collective bargaining agreement which, in pertinent part, provides as follows:

"Effective September 15, 1967 * * * each art instructor shall receive a minimum salary increase of $400.00 per year provided that such increase does not make his annual salary in excess of $10,000.00 per year."

Defendant has admitted that "Instructor Arne Bass did not receive an increase in pay on the first pay day following September 15, 1967."

Defendant's affidavit (per its assistant vice president) states in paragraph 4, "At no time was there any understanding, agreement or practice between the parties that the minimum salary increases would be effective only on September 15th of a particular year and not before." It recites 15 instances in the past seven years when, under identical contractual provisions, art instructors received the stated increases at times other than September 15th, and received nothing on September 15th, all without objection by the union. As to Mr. Bass (the instructor involved in the instant litigation), the affidavit recites in paragraph 7 that he received a $500 increase in June, 1967 and thus on September 15, 1967 he was receiving a salary which included more than the $400 annual increase required by the contract.

Given these assertions, undoubtedly challenged by plaintiff, the disputed contract provision appears ambiguous and in need of interpretation in many respects, such as custom and usage (Jacobson Electric Company, Inc. v. Rome Fastener Corporation, 156 Conn. 55, 60 (1968)), which party drew the contract (Greenwich Contracting Company, Inc. v. Bonwit Construction Company, Inc., 156 Conn. 123, 129–30 (1968)), and the intention of the parties as inferred not only from the language of the parties but also in light of the whole relationship between the parties. (Hess v. Dumouchel Paper Company, 154 Conn. 343, 348–49 (1966)). Since the facts on these material issues are in dispute, the instant motion must be denied.

## ORDER

ORDERED that plaintiff's motion for summary judgment is denied.