DOMINICK N. TARTARO *v.* ANGELO LA CONTE ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, JS.

Argued February 5—decided February 26, 1969

*Daniel D. McDonald,* with whom was *Anthony T. Varone,* for the appellant (named defendant).

*T. Paul Tremont,* with whom was *Leonard S. Paoletta,* for the appellee (plaintiff).

HOUSE, J. The decisive question in this case was whether the plaintiff's services, reasonably worth $150 a week as chef and manager of a restaurant, were, as the plaintiff claimed, rendered to the named defendant as the owner of the business with the expectation of both parties that the plaintiff was to be compensated for them by the named defendant,

hereinafter called the defendant, or whether, as the defendant claimed, the parties were partners in the operation of the restaurant, and the plaintiff had no expectation of compensation from the defendant but only such reward as might arise from the profits and increased value of the business operated by them in partnership. The trial court found for the plaintiff and, on the quantum meruit count, awarded him a judgment for the reasonable value of his services.

The court in its memorandum of decision noted that "the testimony of the parties strained the credulity of the court to the point where no credence can be given to grounds that a partnership agreement was entered into between the parties" and that "[t]hrough the maze of inconsistent and contradictory testimony and evidence, the only acceptable evidence that can be given credence is that both parties agreed the plaintiff was to receive a weekly payment for services rendered and that the plaintiff expected to be paid although he did not draw this payment."

The trial court had the advantage of hearing a recital of the transaction between the parties from the mouths of the persons concerned and the opportunity of evaluating their credibility. As the trier, it is the sole arbiter of the credibility of witnesses and is privileged to adopt whatever testimony it reasonably believes to be credible. *Faiola* v. *Faiola,* 156 Conn. 12, 15, 238 A.2d 405; *Grote* v. *A. C. Hine Co.,* 148 Conn. 283, 287, 170 A.2d 138; *Metz* v. *Hvass Construction Co.,* 144 Conn. 535, 537, 135 A.2d 363.

From all of the evidence before it, the court was required to, and did, come to decisive factual conclusions. *Jacobson Electric Co.* v. *Rome Fastener Corporation,* 156 Conn. 55, 59, 238 A.2d 415. These

included the facts that during the period in question, from May, 1962, to February, 1964, the restaurant, land, buildings, business and liquor permit were owned by and in the name of the defendant and that during this time, pursuant to an agreement between the parties that the plaintiff was to receive $150 per week for his services, the plaintiff managed the business, working seven days a week as manager and chef, replacing a manager who had been employed at $125 to $150 a week and a chef at $125 a week. The court also expressly found that the defendant expected to pay the plaintiff for his services and that the plaintiff expected a salary.

We find nothing in the appeal which requires us to disturb the findings and conclusions of the trial court. The judgment was properly rendered under the rules enunciated in such cases as *Freda* v. *Smith,* 142 Conn. 126, 134, 111 A.2d 679, *State* v. *Newman,* 140 Conn. 214, 218, 99 A.2d 110, and *Kearns* v. *Andree,* 107 Conn. 181, 187, 139 A. 695.

There is no error.

In this opinion the other judges concurred.