NELSON A. LOGAN v. EDISON S. LENHART ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 1—decided May 6, 1969

*Timothy C. Moynahan,* on the brief for the appellant (plaintiff).

*Irving W. Pasternak,* on the brief for the appellees (defendants).

PER CURIAM. The amended report of the referee, which is not subject to correction, reveals these facts: The defendant Erna R. Lenhart was the owner of a tract of land with a house thereon located in the town of Southbury. On October 28, 1960, the plaintiff and the defendant Erna R. Lenhart executed a written agreement in which the defendant Erna R. Lenhart agreed to sell the property to the plaintiff for the sum of $47,500. In the agreement, the defendants promised to build an addition to the

living room of the house at a cost not exceeding $5000. Soon after the defendants started to construct the addition in accordance with the plans specified in the agreement, the plaintiff desired to make some changes in the original plans. Accordingly, the parties orally agreed upon a number of changes and extras. The defendant Erna R. Lenhart conveyed the property to the plaintiff on January 13, 1961. The total amount of the obligation incurred by the plaintiff to the defendants for the property and improvements thereto was $63,761.63. The plaintiff paid the defendants the sum of $60,218.73, and the balance due the defendants is $3542.90.

None of the plaintiff's objections to the acceptance of the report has merit. Whether the plaintiff authorized the defendants to furnish extra work, whether the plaintiff fully paid for the extras, and whether the defendant Edison S. Lenhart rendered any services for which he was entitled to recover compensation were purely issues of fact for the referee to resolve. It was his function to weigh the evidence and to determine the facts. As the trier, the referee was the sole arbiter of the credibility of witnesses and was privileged to adopt whatever testimony he reasonably believed to be credible. *Tartaro* v. *La Conte,* 157 Conn. 583, 584, 254 A.2d 912.

There is nothing in this appeal which discredits the findings or the conclusions of the referee. Therefore the trial court did not commit error by accepting the amended report and by rendering judgment thereon.

There is no error.