## STATE OF CONNECTICUT *v.* NORMAN K. COPELAND

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 5-13071

Argued June 2—decided August 29, 1969

*George J. Jaser,* of Milford, for the appellant (defendant).

*Robert Berchem,* assistant prosecuting attorney, for the appellee (state).

Kosicki, J. The defendant, after a trial to the court, was found guilty of breach of the peace in violation of § 53-174 of the General Statutes. He has appealed from the judgment, assigning as the sole error that the court incorrectly concluded that on all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. No finding was requested or made and none was necessary. Practice Book § 995. Upon such an assignment in a criminal case tried to the court, we examine the evidence filed by the appellant. This we have done. *State* v. *Salvaggio,* 152 Conn. 716, 717; *State* v. *Pundy,* 147 Conn. 7, 8.

The evidence and the reasonable inferences which the court could draw therefrom may be stated briefly. On June 29, 1968, the complaining witness, Martha Mazzadra, who had known the defendant for some time before the incident complained of, went to the Pelican Club, a restaurant in Devon. At approximately 11:30 p.m. that same night, the defendant arrived at the same restaurant. After his arrival, Miss Mazzadra approached him several times and unsuccessfully tried to speak with him about a matter of great urgency to her. The defendant left the restaurant at 1 a.m. to reenter the car of a friend who had driven him there. The car was parked outside of the exit from the restaurant. As the defendant approached the car, Miss Mazzadra again tried to speak to him, and at the car he struck or pushed her. She neither offered to assault nor assaulted him. The blow struck was not in self-defense.

From a reading of the transcript, there appears to be ample evidence to sustain the finding of guilt of the defendant. The argument in his brief and the citations of authority therein seem to be directed principally toward the portion of the statute which proscribes "tumultuous and offensive carriage, noise or behavior." It is the claim of the state that the statute was violated by "assaulting or striking another." No other section of § 53-174 seems pertinent to the charge.

There was sufficient evidence, although it may have been conflicting, on which the court could find that the defendant had committed an assault and battery on the complaining witness. It is for the trial court to pass on the weight of the evidence and the credibility of witnesses, and its conclusions, if reasonably reached, must be accepted. *Tartaro* v. *La Conte,* 157 Conn. 583, 584; *State* v. *Annunziato,* 145 Conn. 124, 135; *State* v. *Dodez,* 120 Conn. 216, 219. We cannot retry the case. Furthermore, "the requirement of proof beyond a reasonable doubt does not mean that the proof must be beyond a *possible* doubt, and a possible hypothesis or supposition of innocence is a far different thing from a *reasonable* hypothesis. *State* v. *Gargano,* 99 Conn. 103, 105 . . . ; *State* v. *Thomas,* 105 Conn. 757 . . . ." *State* v. *Guilfoyle,* 109 Conn. 124, 139; *State* v. *Foord,* 142 Conn. 285, 295. "It was within the province of the trial court to draw reasonable and logical inferences from the facts proven." *State* v. *Pundy,* 147 Conn. 7, 12.

The defendant may have been annoyed by Miss Mazzadra's importunities but such verbal irritations cannot be advanced as justification or excuse for an assault. They cannot "be used as a cloak to cover an irascible temper, a violent disposition, ungovernable emotions, or erratic behavior." *State* v. *Marzbanian,* 2 Conn. Cir. Ct. 312, 322.

The claim of the defendant that he was acting in self-defense is without merit. "That the trial court chose to believe the complaining witness[es] rather than the defendant . . . furnishes no basis for reversal." *State* v. *McNeil,* 3 Conn. Cir. Ct. 479, 482.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.