E. Paul Kovacs & Company, Inc. *v.*
Theodora Alpert et al.

Cotter, C. J., Loiselle, Bogdanski, Peters and Healey, Js.

 

Argued December 12, 1979—decision released March 18, 1980

*Samuel J. Henderson,* with whom was *Mark J. Kolovson,* for the appellants (defendants).

*Jack D. Garamella,* for the appellee (plaintiff).

COTTER, C. J.  The plaintiff which is a company engaged in the land development business including excavation work to prepare land for the construction of buildings brought suit to recover an amount due and owing for labor and materials provided in

connection with the clearing and excavation of the defendants' property. From the judgment rendered in favor of the plaintiff the defendants have appealed.

The defendants seek the deletion of twenty-six paragraphs of the finding on the ground that they were found without evidence and the addition to the finding of forty-one paragraphs of their draft finding claiming that the facts stated in those paragraphs are admitted or undisputed. The defendants' wholesale attack on the finding is to no avail. The facts sought to be deleted are amply supported by the evidence and hence must remain a part of the finding. *Bond* v. *Benning,* 175 Conn. 308, 309, 398 A.2d 1158. Also, to secure an addition to the finding, "it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed." *Cohen* v. *Holloways', Inc.,* 158 Conn. 395, 397, 260 A.2d 573; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619. A fact is not admitted or undisputed merely because it has not been contradicted since the credibility of the witness is for the trier; *McLaughlin* v. *Chicken Delight, Inc.,* 164 Conn. 317, 321 A.2d 456; *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196; and with only three witnesses presented at the trial whose testimony was in dispute and contradicted, the determination of what actually transpired between the parties is peculiarly dependent on the credibility of the witnesses. The defendants fail to include any evidence in their appendix which establishes that the plaintiff admitted any of the facts sought to be added or that such facts were undisputed. Accordingly, the

only permissible correction to the finding is the addition of seven paragraphs of the defendants' draft finding to which the plaintiff has stipulated.

The finding, as corrected, discloses the following: The defendants, Norman and Theodora Alpert, engaged Joseph Twardy as their agent with the responsibility of preparing their then vacant property for the construction of their house. In his efforts to obtain price quotations for the excavation portion of the site preparation, in March, 1971, Twardy met on the property with Jerome Kovacs, who was then the construction supervisor and vice-president of the plaintiff E. Paul Kovacs & Co., Inc. At that meeting, without performing any tests to determine the rock composition of the property, Kovacs gave Twardy a copy of the plaintiff's price list for labor, machine time, and materials and stated that the plaintiff would prepare the site for construction by performing the necessary clearing and excavation work on a time and materials basis. In response to Twardy's request and based on his estimate that the site to be excavated was 50 percent earth and 50 percent rock, Kovacs, although unaware of the type of rock that was on the property, in a letter dated March 31, 1971 and addressed to Twardy, provided an estimate of the total cost of the excavation job based on the price of labor and materials indicated in the price list shown to Twardy. Shortly thereafter, Twardy told Kovacs to commence with clearing and excavation.

Initial earth removal began on April 14, 1971 and was completed in eighteen hours of work. For that work, the plaintiff billed Norman Alpert who paid the amount of the bill on or about May 29, 1971. The plaintiff began drilling and blasting oper-

ations on May 3, 1971. After five or six days of blasting, little progress was made and Kovacs informed Twardy that the cost of the excavation would be considerably higher than the amount originally estimated in the March 31 letter. Twardy, who was aware of the progress being made and of the hourly rates for the labor and machinery being used on the job, directed Kovacs to continue the excavation.

The blasting and excavation continued until June 21, 1971, when Kovacs was told to cease work. Throughout the entire project the plaintiff's employees worked diligently under the supervision of Twardy. Of the work to be done listed in the March 31 letter, only three items, with an estimated cost of $3200, were actually performed. In its final bill dated July 1, 1971, the plaintiff requested payment for the outstanding balance of $14,635.81 which was based on the time and materials charges for the plaintiff's excavation work. The defendants' refusal to pay that bill precipitated the present lawsuit.

On the basis of the foregoing facts, the trial court concluded that the defendants had entered into a contract with the plaintiff for the clearing and excavation of the defendants' property on a time and materials basis. It further found that the plaintiff was authorized to continue excavation even though it became apparent that the estimated cost would be exceeded. In accordance with the labor and materials price list shown to Twardy, the court awarded judgment in favor of the plaintiff in the amount of $14,635.81 plus interest.

The defendants claim error in the conclusion of the trial court that a contract to provide labor and

equipment on a time and materials basis existed between themselves and the plaintiff. The defendants contend that Twardy, who they concede was their agent with regard to the excavation of their property, lacked authority to enter into a time and materials contract on their behalf and they therefore could not be bound to the contract found to exist by the trial court.

As a general rule, a principal may be bound to contracts executed by an agent if it is within the agent's authority to contract on behalf of that principal; see *Hollywyle Assn., Inc.* v. *Hollister,* 164 Conn. 389, 396, 324 A.2d 247; *Cohen* v. *Holloways', Inc.,* supra; *Cinque* v. *Orlando,* 140 Conn. 591, 592, 102 A.2d 532; 3 Am. Jur. 2d, Agency § 312; Restatement (Second), Agency §§ 140, 186; and the authority to enter into a specified contract includes the authority to make it in the usual form and with usual terms. See Restatement (Second), Agency § 51; 3 Am. Jur. 2d, Agency § 84. The defendants do not claim that Twardy lacked authority to enter into contracts with excavation contractors such as the plaintiff. Indeed, in a letter addressed to the plaintiff dated June 20, 1971, Norman Alpert stated that the plaintiff was "authorized to proceed by Joseph Twardy." This letter in conjunction with the defendants' continued insistence that their maximum liability to the plaintiff is the estimated cost for the project indicates that Twardy in fact possessed express authority to enter into a contract with the plaintiff. The defendants assign error, however, in the trial court's failure to find that Twardy's authority was limited to contracts for a dollar amount not greater than that estimated in the March, 1971 letter. With such a limitation on his authority, the defendants argue, they could

not be bound to the contract found by the trial court since that contract was in excess of Twardy's limited authority. See *Conte* v. *Dwan Lincoln-Mercury, Inc.*, 172 Conn. 112, 125, 374 A.2d 144.

The nature and extent of an agent's authority is a question of fact for the trier where the evidence is conflicting or where there are several reasonable inferences which can be drawn. *West Haven* v. *United States Fidelity & Guaranty Co.*, 174 Conn. 392, 395–96, 389 A.2d 741. As indicated above, since the issues of fact in this case depend on the credibility of the witnesses, and, inasmuch as the defendants do not indicate that the plaintiff concedes the issue, we cannot say that the trial court erred in failing to find a limitation on Twardy's authority. Where the defendants' conduct held Twardy out as possessing sufficient authority to enter into the course of dealing in issue, or knowingly permitted him to conduct himself as having such authority, and as a result thereof the plaintiff dealing with Twardy, acting in good faith, reasonably believed under the facts that he had the necessary authority, the court's conclusion was warranted on the basis of the subordinate facts found. See also *Nowak* v. *Capitol Motors, Inc.*, 158 Conn. 65, 69, 71, 255 A.2d 845.

The defendants also assign error in the admission of several bills and invoices as business entries under § 52-180 of the General Statutes. These records consisted of seven biweekly statements indicating the outstanding balance for work performed by the plaintiff which were sent to the defendants and ten invoices showing the dates, type of equipment and number of hours, the hourly rate and the charges for the equipment used on the job.

Jerome Kovacs testified that as the vice-president of the company at the time the records were made, he was familiar with the records, that the records were made in the regular course of business, and, that it was the regular course of business for the plaintiff to make those records. When the records were offered, the defendant objected to their admission on the ground that the witness was not the bookkeeper at the time the records were made and that it was not his duty to keep those bills in the regular course of business.[1] Section 52-180 provides in part that a "record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act, transaction, occurrence or event recorded . . . ." The court therefore did not err in overruling the defendants' objection and admitting the records. See *State* v. *Palozie*, 165 Conn. 288, 294, 334 A.2d 468; *Jacobson Electric Co.* v. *Rome Fastener Corporation*, 156 Conn. 55, 60, 238 A.2d 415.

The defendants' final claim concerns the award of interest commencing thirty days after the final bill was sent to them. The defendants assert that such an award is improper in this case since the amount in question was not ascertainable at that time. The determination whether interest is a proper element of damages is one to be made in view of the demands of justice and not through the application of any arbitrary rules. *Scribner* v. *O'Brien, Inc.*, 169 Conn. 389, 405–406, 363 A.2d 160.

[1] The defendants assert two additional arguments to support their claim of error in the admission of those records. These objections were raised for the first time on appeal and therefore are not properly presented to this court. *State* v. *Jeustiniano*, 172 Conn. 275, 279, 374 A.2d 209; *State* v. *Malley*, 167 Conn. 379, 355 A.2d 292.

If the detention of money is wrongful under the circumstances, the award of interest is a proper element of damages. *Marcus* v. *Marcus,* 175 Conn. 138, 146, 394 A.2d 727; *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374. "Whether a sum in certain circumstances has been liquidated may, of course, be a useful although not necessarily controlling criterion. *Capitol City Lumber Co.* v. *Sudarsky,* 95 Conn. 336, 340–41, 111 A. 349; 22 Am. Jur. 2d 256, 263, Damages §§ 179, 185; cf. *Loomis* v. *Gillett,* 75 Conn. 298, 300–1, 53 A. 581. The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court." *Bertozzi* v. *McCarthy,* 164 Conn. 463, 467, 323 A.2d 553.

At all times during the excavation, the defendants, through their agent, were aware both of the progress and the cost of the work; see *West Haven* v. *United States Fidelity & Guaranty Co.,* supra; *Derby* v. *Connecticut Light & Power Co.,* 167 Conn. 136, 142, 355 A.2d 244, cert denied, 421 U.S. 931, 95 S. Ct. 1659, 44 L. Ed. 2d 88; and allowed the excavation to continue to a cost in excess of the estimate. It is clear that upon the receipt of the final bill in July, the defendants became aware of the amount in controversy and the trial court concluded that the failure to pay that invoice was wrongful. Under the circumstances of this case, it cannot be said that the trial court abused its discretion in awarding interest to the plaintiff. See also *Cecio Bros., Inc.* v. *Feldmann,* supra.

There is no error.

In this opinion the other judges concurred.