ROBERT RASCATI *v.* McCLINCH CRANE, INC., ET AL.
(3806)

HULL, SPALLONE and BIELUCH, Js.

Submitted on briefs March 9—decision released May 12, 1987

*James T. Haviland II* and *Constance L. Epstein* filed a brief for the appellant (third party plaintiff).

*Paul E. Pollock* filed a brief for the appellee (third party defendant).

SPALLONE, J. The third party plaintiff is appealing from the judgment rendered after the court directed the jury to return a verdict for the third party defendant.

The plaintiff brought suit for personal injuries he sustained as the result of an accident involving a crane occurring at a job site. Named as defendants were McClinch Crane, Inc. (McClinch), the owner of the crane, Joseph Heneghan, McClinch's employee and operator of the crane, and Harry Skolnick and Sons, Inc., the general contractor on the job. McClinch, as a third party plaintiff, impleaded Steel Tech Building Products, Inc. (Steel Tech), as a third party defendant, alleging that Steel Tech had agreed to indemnify McClinch for claims such as those made by the plaintiff. The plaintiff later withdrew his complaint against Harry Skolnick and Sons, Inc.

At the close of evidence, the court granted Steel Tech's motion for a directed verdict and directed the jury to find in favor of Steel Tech. The jury thereafter returned a verdict for the plaintiff against McClinch in the amount of $175,000. The court denied McClinch's motion to set aside the directed verdict and rendered judgment on the jury verdict.

McClinch has appealed and claims that the trial court erred (1) in refusing to admit into evidence a proposed exhibit it claims represented indemnification contracts between itself and Steel Tech, and (2) in directing the verdict in favor of Steel Tech and in denying its motion to set aside the directed verdict.

The facts surrounding the court's refusal to admit the proffered documents are essentially as follows. Steel Tech agreed to rent a crane from McClinch during a telephone conversation between Terrance McClinch, manager of McClinch, and Robert Denton, the vice president of Steel Tech. During this telephone conver-

sation, Denton informed McClinch that he would authorize Anthony DiCarlo (the superintendent of the general contractor) to sign daily time slips. There was no mention during the conversation of any indemnification agreement or that any essential terms of the agreement remained to be negotiated. Denton thereafter authorized DiCarlo to sign daily time slips to verify the time that the crane was on the job. The purpose of verifying the time was to ensure that the lessee of the crane could be properly billed. Thereafter, DiCarlo or Milton Scharn, who was authorized by either DiCarlo or the general contractor, signed the daily time slips on the job site while the crane was being used. The slips were copies of a standardized form used by McClinch and there was no evidence that Denton had ever seen a copy of these slips when he negotiated the agreement with McClinch. The slips contained blank spaces for filling in the time that the crane was on the job, and these blanks were filled in and the slips signed by DiCarlo or Scharn. The time slips, however, were labeled "Standard Short Term Crane Rental Agreement" and contained language on the back that could be construed as an indemnification agreement.[1] When the slips were offered into evidence, the court sustained Steel Tech's objection on the ground that the slips were inadmissible as evidence of an indemnification agreement because McClinch was unable to lay any foundation that such an agreement existed to support the admission of the writings.

McClinch claims that the court erred in refusing to admit the documents. McClinch contends that the documents were relevant to its claim that an indemnifica-

---

[1] Although the indemnification language was on the back of the documents, the front of the documents contained a bold face statement: "THE TERMS AND CONDITIONS GOVERNING THIS RENTAL AS DESCRIBED ON THE REVERSE SIDE ARE UNDERSTOOD AND AGREED TO."

tion agreement existed between itself and Steel Tech, and that, even if this claim is disputed, the question is one of fact for the jury to determine. See *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 414, 446 A.2d 799 (1982) (whether particular provision forms part of contract ordinarily question of fact). McClinch further asserts that it laid an adequate foundation for the introduction of the slips by demonstrating that Steel Tech's vice president had granted DiCarlo authority to sign the slips.

We find no merit to this claim of error. The slips would be relevant evidence of an indemnification agreement with Steel Tech only if McClinch demonstrated that those signing the slips had authority from Steel Tech to negotiate with McClinch regarding indemnification. The only evidence regarding the scope of authority of those signing the slips, however, was that their authority was limited to verifying the amount of time that the crane was on the job. While the nature and extent of an agent's authority is generally a question of fact for the trier, this is so only "where the evidence is conflicting or where there are several reasonable inferences which can be drawn." *E. Paul Kovacs & Co.* v. *Alpert,* 180 Conn. 120, 126, 429 A.2d 829 (1980). Here, the evidence was not conflicting and no evidence was presented from which the trier of fact could reasonably infer that those signing the slip had authority to enter into an indemnification agreement on behalf of Steel Tech. Without such evidence, the trial court was justified in excluding the documents. See *Barber* v. *Baldwin,* 135 Conn. 558, 563, 67 A.2d 1 (1949).

In its second claim of error, McClinch asserts that the trial court erred in directing the verdict in favor of Steel Tech and in denying its motion to set aside the directed verdict. Because McClinch's claim for indem-

nification was based solely on the daily slips that were properly excluded from evidence, the trial court did not err in directing a verdict for Steel Tech.

There is no error.

In this opinion the other judges concurred.