[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #116
This is an action to foreclose a mechanic's lien which arises out of a contract between the defendant, Stephen DellaBella, and the plaintiff, John Sigel of Allstate Building Remodeling. The plaintiff alleges in his third revised complaint that the contract was for materials and services in connection with the remodeling of the Lily Lake Inn, which is owned by DellaBella. The plaintiff alleges and the defendant admits that the contract price was $86,180.00.
Disputed issues raised in the pleadings are whether the parties agreed to extras, and the cost of such extras. The plaintiff alleges that both parties agreed upon extras, and the balance remaining on such extras is $34,064 plus the cost of work performed, which the plaintiff alleges is valued at $12,000. The defendant denies any agreement on extras.
The plaintiff further alleges that on October 17, 1996, the plaintiff caused a sheriff to serve the defendant with a notice of a mechanic's lien against the defendant's property for $34,064.00, the value of materials and services used in connection with the Lily Lake Inn. The plaintiff seeks to foreclose the lien.
The defendant filed an answer, special defenses and counterclaim. The defendant's first special defense alleges CT Page 13388 that he paid $7,134.43 in extras to the plaintiff, that the plaintiff's failure to complete the work under the contract caused the defendant to incur expenses in the amount of $25,730.11, and that the total price paid by the defendant exceeds the contract price, thus relieving the defendant of further obligation.
The second special defense claims that the plaintiff executed waivers of mechanic's liens on May 24, 1996 and August 6, 1996, which forfeit the plaintiff's rights to a mechanic's lien. The defendant's counterclaim alleges that he paid the plaintiff in good faith $73,680.00 plus $7,124.43 for extras on March 15, 1996, that the plaintiff stopped working on the project on August 8, 1996, which caused the defendant to spend $25,730.11 to complete the work, and that the work required under the contract is incomplete.
On September 16, 1998 the defendant filed a motion for summary judgment as to the plaintiff's complaint on the grounds that no genuine issue of material fact exists and that the defendant is entitled to judgment as a matter of law. Specifically, the defendant argues that by executing waivers of mechanic's liens the plaintiff forfeited the right to foreclose upon a mechanic's lien. In support of the motion the defendant filed a memorandum of law as required by Practice Book § 11-10 (formerly § 380), copies of waivers of mechanic's liens, and an affidavit of the defendant.
On October 2, 1998 the plaintiff filed a memorandum of law in opposition to the motion for summary judgment and an affidavit of the plaintiff.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material CT Page 13389 fact. . ." (Citations omitted; internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co., 245 Conn. 374,380, ___ A.2d ___ (1998). "The test is whether a party would be entitled to a directed verdict on the same facts.'" Daoust v. McWilliams,49 Conn. App. 715, 719, ___ A.2d ___ (1998), quoting Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claims with evidence disclosing the existence of such an issue. . . It is not enough, however, for the opposing party merely to assert the existence of . . . a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Burnham v. Karl and Gelb, P.C., 50 Conn. App. 385,387, ___ A.2d ___ (1998).
In the present case, the proof submitted shows there are issues of fact which preclude summary judgment. First, the parties were unclear as to what the payments made by the defendant to the plaintiff were intended to cover. The defendant claims that he paid sums due to the plaintiff while the plaintiff alleges that he has not been paid. The defendant's affidavit states he paid in excess of $80,000 to the plaintiff and that he was unaware of any debts the plaintiff owed a supplier, Lyon Billard. Conversely, the plaintiff's affidavit claims that the final payment made by the defendant was to be used to pay Lyon Billard.
Second, in his answer the defendant denies agreeing to extras. The plaintiff's complaint and affidavit accompanying the memorandum in opposition to the motion for summary judgment allege that the defendant agreed to extras exceeding $35,000.
The cases of Logan v. Lenhart, 158 Conn. 611, 612,259 A.2d 643 (1969) (per curiam), and Longo Construction v. Field Club of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 116963 (July 2, 1991, Karazin, J) are factually similar to this case, and demonstrate that issues of fact exist. "Whether the plaintiff authorized the defendants to furnish extra work, whether the plaintiff fully paid for the extras, and whether the defendant . . . rendered any services for CT Page 13390 which he was entitled to recover compensation were purely issues of fact for the referee to resolve. It was his function to weigh the evidence and to determine the facts." Logan v. Lenhart,158 Conn. 611, 612, 259 A.2d 643 (1969) (per curiam). "There are . . . disputed issues of fact between the parties . . . The disputes essentially center around `extras'. . ." Longo Construction v. Field Club of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 116963 (July 2, 1991, Karazin, J.).
The third dispute pertains to the manner in which the plaintiff stopped working on the project. The defendant alleges in its counterclaim that the plaintiff stopped working; while the plaintiff argues that the defendant removed the plaintiff from the project. Such a question is an issue of fact. "The trial court's finding that the defendants prevented the general contractor from completing performance was a disputed question of fact." W. G. Glenney Co. v. Bianco, 27 Conn. App. 199, 206,604 A.2d 1345 (1992). These matters raise questions of fact and therefore, the case cannot be decided as a matter of law.
The defendant argues in his memorandum of law in support of his motion for summary judgment that whether a party waived mechanic's liens is a question of law capable of resolution by this court. However, the factual questions in this case prevent judgment as a matter of law.
For the aforementioned reasons, the motion for summary judgment is denied.
WEST, J.